Oscar Murov, J.
This is a motion by defendant for an *70 order pursuant to CPL 210.20 (subd 1, par [g]) dismissing the indictment upon the grounds defendant has been denied a speedy trial within the meaning of CPL 30.30 (subd 1, par [a]).
The People concede that defendant was arraigned upon a felony complaint dated August 17, 1975, but offer no response to defendant’s assertion that defendant was arrested on the within charge on the same day he was arraigned. In this regard the court would note that the Supreme Court of the United States has already addressed itself to the question of when a criminal action commences in United States v Marion (404 US 307, 320). There the court stated: "it is readily understandable that it is either a formal indictment or information or else the actual restraints imposed by arrests and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment.” (See, also, Dillingham v United States, 423 US 64.)
The indictment against the defendant on the subject charges was not handed up until March 12, 1976, some seven months following defendant’s conceded arraignment.
The People oppose the application upon three grounds. They contend initially that periods of delay occasioned by the unavailability of People’s witnesses (CPL 30.30, subd 4, par [g]) and adjournments of the Grand Jury presentation at the request of codefendants (CPL 30.30, subd 4, par [d]) must be deducted from the total elapsed period between the commencement of the action and the filing of the within motion. (It is to be noted that the People have not asserted they were ready at any time during this interval.)
As to the first of these purported exclusionary periods, that period wherein the People’s witnesses were not available, paragraph (g) of subdivision 4 is applicable and provides as follows:
"4. In computing the time within which the people must be ready for trial pursuant to subdivisions one and two, the following periods must be excluded: * * *
"(g) other periods of delay occasioned by exceptional circumstances, including but not limited to, the period of delay resulting from a continuance granted at the request of a district attorney if (i) the continuance is granted because of the unavailability of evidence material to the people’s case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to *71 believe that such evidence will become available in a reasonable period; or (ii) the continuance is granted to allow the district attorney additional time to prepare the people’s case and additional time is justified by the exceptional circumstances of the case.”
The People urge that the delay occasioned by the unavailability of People’s witnesses is excludable (CPL 30.30, subd 4, par [g]). It is not alleged nor shown, however, that the delay resulted from the granting of a continuance at the People’s request.
In People v Sturgis (77 Misc 2d 766, affd 46 AD2d 741, revd on other grounds 38 NY2d 625), a case involving a delay between arraignment on a felony complaint and indictment, the court rejected the People’s contention that the delay complained of was excused by exceptional circumstances where the People, as here, never made application for a continuance. The court stated the following in a footnote appearing on page 768: "In this regard, it would seem that if the prosecutor knows that evidence material to the People’s case is unavailable or that he needs additional time to prepare, he should move for a continuance in advance of trial or in advance of presentment to the grand jury and before a motion is brought by the defense to dismiss under CPL 210.20 (subd. 1, par. [g]). Failure to do so seriously impairs any last-minute use by the District Attorney of CPL 30.30 (subd. 4, par. [g]) to defend himself against such an attack.”
Paragraph (d) of subdivision 4 applies to those circumstances where delay is occasioned by the activities of codefendants and excludes "(d) a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial pursuant to this section has not run and good cause is not shown for granting a severance”.
"CPL 30.30 is a mandatory provision pursuant to which a motion to dismiss must be granted where the People are not ready for trial within the specified period of time unless the delay is excludable under one of the subdivisions of the act.” (People v Saunders, 84 Misc 2d 467, 470.)
By definition, the various exclusionary paragraphs of subdivision 4 are exceptions to the ready rule set forth in CPL 30.30. "An exception is generally a part of the enactment itself, absolutely excluding from its operation some subject or thing that would otherwise fall within its scope.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 213.) Exceptions are *72 strictly construed in order that the major policy underlying the legislation itself is not defeated (Matter of Charles’ Estate, 200 Misc 452, affd 279 App Div 741, app den 279 App Div 791, affd 304 NY 776).
"When one or more exceptions are expressly made in a statute, it is a fair inference that the Legislature intended that no other exceptions should be attached to the act by implication, that is, an exception in a statute amounts to an affirmation of the application of its provisions to all other cases which are not excepted. That which is not embraced within statutory exception must be deemed to be within the scope of general statutory rule.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 213.)
Since the defendant alone is named in the indictment, he is not to be considered joined for trial with a codefendant as to whom the time for trial has not run and the exception to CPL 30.30 contained in paragraph (d) of subdivision 4 is not here applicable.
The People next contend that the definition of commencement of a criminal action as provided by CPL 1.20 (subd 17) becomes modified in the context of a speedy trial motion by the qualifying language in CPL 30.30 (subd 5, pars [c], [d]). The court need not consider application of paragraph (d) of subdivision 5 since that subdivision addresses itself to the calculation of periods of time within which the People must be ready in order to forestall mandatory release on bail or recognizance pursuant to CPL 30.30 (subd 2).
Paragraph (c) of subdivision 5 of CPL 30.30 provides in pertinent part as follows
"5. For purposes of this section * * *
"(c) where a criminal action is commenced by the filing of a felony complaint, and thereafter, in the course of the same criminal action either the felony complaint is replaced with or converted to an information, prosecutor’s information or misdemeanor complaint pursuant to article 180 or a prosecutor’s information is filed pursuant to section 190.70, the period applicable for the purpose of subdivision one must be the period applicable to the charges in the new accusatory instrument, calculated from the date of the filing of such new accusatory instrument”.
The People now propose that although the applicable subdivisions do not specifically address themselves to a situation where a felony complaint is superseded by an indictment, it *73 was clearly the legislative intent that' in all cases where there are lower court proceedings and where there is a prior accusatory instrument, the action is deemed commenced by the filing of the latter instrument not the former. The court cannot agree.
Without commenting upon the force or lack of force of the People’s reasoning, the court would indicate that the People’s logical analysis does not harmonize with the result reached by the Court of Appeals in People v Sturgis (38 NY2d 625). In Sturgis, as here, the defendant was indicted some months after a felony complaint was filed but the court computed the period of delay as having commenced with the filing of the felony complaint.
In conclusion, the court computes a total delay lasting six months and 26 days. Since it has not been established by the opposing papers that any period was properly excludable to the extent of reducing the period between the commencement of trial and the time when the People were required to be ready to less than six months, defendant’s motion to dismiss is granted. (People v Sturgis, supra).