OPINION OF THE COURT
Harold J. Rothwax, J.
The defendant Patrick Regan has, along with his codefendant William Browning, been indicted for assault in the first degree and related crimes. He now moves to dismiss the indictment under CPL 30.30 (subd 1, par [a]) on the ground that the People were not ready for trial within six months of the commencement of the criminal action against him.
The defendants were arraigned on a felony complaint on November 6, 1980, and they were not indicted until May 13, 1981, a period of six months and seven days.
The People urge that the delay was excludable under CPL 30.30 (subd 4), and that it was occasioned by the timely request of the codefendant Browning to testify before the Grand Jury (CPL 190.50, subd 5) and his failure or inability to appear thereafter as scheduled, until May of 1981, when he did appear and testify and the indictment was voted.
*13 Regan maintains that he did not seek this delay; that he did not consent to it; that he is not responsible for it and that his right to a speedy trial has thereby been infringed and denied.
The issue may be stated as follows: in a multiple defendant case, after arrest and arraignment, but prior to indictment, does a timely request to testify before the Grand Jury pursuant to CPL 190.50 (subd 5) by one defendant necessarily result in excludable periods of delay with regard to the other defendants who have expressed no such desire.
The answer is complicated by the fact that the statute addresses the multiple defendant problem only as it arises in the postindictment stage of the proceedings (CPL 30.30, subd 4, par [d]).
In this case neither Regan nor the District Attorney can fairly be said to have caused the delay. From the moving papers and the response it is clear that the delay is entirely attributable to the codefendant Browning.
Upon Browning’s timely request to testify before the Grand Jury, the felony complaint was adjourned and a Grand Jury presentation scheduled for February 25, 1981. The delay in scheduling the original presentation was due, in part, to the hospitalization of one of the two prosecution witnesses as a result of the incident for which the defendants were ultimately indicted. The court does not find the hospitalization of this witness dispositive, upon these facts, as a second witness who was able to establish a prima facie case as to each defendant was available to testify. (See People v Stanton, 71 AD2d 932, 933-934; People v Hamilton, 46 NY2d 932; cf. People v Goodman, 41 NY2d 888.)
On February 25, 1981, the scheduled date, the People were ready to present the case to the Grand Jury. All of the People’s witnesses were present. Browning, who was on bail, failed to appear. It is not possible, from the motion papers, to determine whether Browning’s nonappearance was justified or excusable and there was no contemporaneous record made of the reasons for his absence. It is clear that but for Browning’s nonappearance the Grand Jury would have been able to consider the matter in its entirety *14 on that date. As a result of Browning’s failure to appear the presentation was rescheduled.
Subsequent delays were caused by the trial engagements of the assigned Assistant District Attorney, and the difficulty in locating one of the two complainants. Despite the fact that one of the complainants could not be located, the matter was again scheduled for Grand Jury presentation on April 29,1981, at which time the codefendant Browning was to appear. Had the case been presented on that date, the People would have been able to be ready for trial within six months of the arraignment on the felony complaint. The matter was, however, adjourned at the request of Browning’s attorney, who was engaged in a lengthy trial at that time.
The case was, finally, presented on May 11, 1981, at which time Browning testified. The indictment, charging both defendants with assault in the first degree, was filed on May 13. The defendants were arraigned on the indictment on May 15, and the People announced that they werfe ready for trial on that date. (See People v Hamilton, supra.)
In motions to dismiss pursuant to CPL 30.30, the defendant has the burden of going forward to allege specific periods of inexcusable delay in excess of the statutory periods of limitation. (CPL 210.20, subd 1, par [g]; 210.45; People v Lomax, 50 NY2d 351, 356-357.) Once the defendant has demonstrated prima facie, a violation of CPL 30.30 (subd 1), the burden shifts to the prosecution to show good cause for some or all of the delay, so as to bring the period of delay within the statute. (CPL 30.30, subd 4; People v Hamilton, 46 NY2d 932, 933, supra; People v Washington, 43 NY2d 772, 773; People v Dean, 45 NY2d 651, 656; People v Brothers, 50 NY2d 413, 416.) Once the People have demonstrated, on the record, that they are ready to proceed to trial within the six-month period, their statutory obligation is satisfied. (People v Hamilton, supra; People v Brothers, supra, at p 413.) Since the facts, as recited above, are not disputed in this case, no evidentiary hearing is required.
The defendant Regan has met his burden of going forward here, since the People do not contend that he contrib *15 uted to the delay, which concededly exceeded the six-month statutory limitation. (See People v Sturgis, 38 NY2d 625, 628.) The People contend that the codefendant Browning’s failure to appear before the Grand Jury until May 11, 1981 constitutes good cahse for the delay.
CPL 30.30 (subd 1, par [a]) requires that a motion to dismiss an indictment be granted where the People are not ready for trial within six months of the filing of a felony complaint. (See CPL 210.20, subd 1, par [g]; 100.05.) CPL 30.30 (subd 4) sets forth the periods of delay which must be excluded in computing the time within which the People must be ready for trial. Upon the facts of this case only CPL 30.30 (subd 4, pars [d], [g]) can arguably be applied to the defendant Regan.
CPL 30.30 (subd 4, par [d]) provides that “a reasonable period of delay [is excludable] when the defendant is joined for trial with a co-defendant as to whom the time for trial pursuant to this section has not run and good cause is not shown for granting a severance”. Clearly, the delay occasioned by the codefendant Browning’s request to testify before the Grand Jury is excludable as to Browning since it was a continuance granted upon his application (CPL 30.30, subd 4, par [b]). The further delays were occasioned either by Browning’s unavailability or at his request. (CPL 30.30, subd 4, par [c].) The difficulty in extending paragraph (d) of subdivision 4 to one in defendant Regan’s position, and consequently excluding the period of delay caused by his codefendant from the period in which the prosecution was obligated to proceed against Regan, is that the section, by its wording, clearly contemplates postindictment delay, since no one is “joined for trial” nor is there any “cause * * * for *** a severance” prior to indictment. (CPL 200.40, 255.20; cf. People v Kent, 87 Misc 2d 69.)
CPL 30.30 (subd 4, par [g]) excludes “other periods of delay occasioned by exceptional circumstances, including but not limited to,” (emphasis supplied) delay which is the result of the unavailability of material evidence.
The court finds that the delay occasioned by the failure of the codefendant Browning to appear before the Grand *16 Jury after he had asserted his statutory right to testify is an “exceptional circumstance” under CPL 30.30 (subd 4, par [a]). The District Attorney was required to permit Browning to testify before the Grand Jury under the circumstances here present. If they had improperly deprived him of that right any indictment voted against him would be voidable (CPL 190.50, subd 5).
The prosecution was confronted with a dilemma when Browning failed to appear. If the People went forward with the presentation, any bill against Browning could be dismissed. If they withheld the presentation, they ran the risk, which in fact now confronts them, of dismissal for untimeliness as to the defendant Regan. There is no allegation here that the prosecution was dilatory in allowing the codefendant Browning an opportunity to testify, or that the prosecution purposefully delayed putting the case before a Grand Jury. In fact, both prosecution witnesses were available on February 25, 1981, and one of the witnesses became unavailable by the time of the presentation on May 11, 1981.
The question remains whether the prosecution should have been compelled to proceed with the Grand Jury presentation against the defendant Regan alone, on February 25, 1981, or whether the exceptional circumstance of the codefendant Browning’s nonappearance justified the delay as to the defendant Regan.
The statute (CPL 30.30) does not explicitly deal with periods of preindictment delay caused by the often unique procedural problems inherent in Grand Jury presentations. As previously noted, CPL 30.30 (subd 4, par [d]), which concerns delays occasioned by codefendants, applies expressly to the postindictment stage of criminal proceedings. It is, of course, true that the problems which inhere in successive adjournments, separately requested, in multiple defendant cases are as acute in the preindictment phase of felony cases as they are after indictment. (See People v Bravman, 89 Misc 2d 596, 599; cf. People v Kent, supra, at p 71.)
The court is aware that, if Regan’s motion to dismiss were to be granted, the danger would exist, in multiple *17 defendant cases, that a party could abuse his right to testify before the Grand Jury, and exercise that right simply as a tactical maneuver to obtain delay of the presentation, thereby enhancing the possibility of dismissal of the charges against those who did not claim the right.
In the postindictment stage, CPL 30.30 (subd 4, par [d]) contemplates court involvement in the resolution of dis-' putes between multiple defendants and between those defendants and the prosecutor. That section places the burden on the defendant who wishes to expedite the proceedings to show “good cause *** for granting a severance.” This permits the court to resolve the dispute and, simultaneously, to make a contemporaneous, comprehensive, and complete record. As noted, in the preindictment phase no such procedural framework is provided and the parties are without rules or principles to guide and order their actions. That is undesirable and it is unnecessary.
The court finds that the considerations underlying paragraph (d) of subdivision 4 in the postindictment context apply with equal force to the preindictment stages. The delays of a codefendant which fall within the categories set forth in CPL 30.30 (subd 4), may constitute exceptional circumstances warranting reasonable periods of delay under CPL 30.30 (subd 4, par [g]) as to the defendant who fails to object contemporaneously to the delay.
The moving defendant’s failure to object to delays occasioned by his codefendant in the preindictment stage, does not, however, relieve the prosecution of its obligation to demonstrate that the delays of the codefendant in fact constitute an exceptional circumstance under CPL 30.30 (subd 4, par [g]), and that the cause of the delay was not in fact due to a lack of diligence by the prosecution. Drawing again, by analogy, from postindictment proceedings, it would be preferable for the prosecution “[to] communicate readiness for trial [to the Grand Jury] to the court on the record when ready to proceed” and to account for their inability to proceed by making a record of the circumstances. (See People v Hamilton, 46 NY2d 932, 933, supra; People v Dean, 45 NY2d 651, supra.) For example, in the instant case, the circumstances of the codefendant Browning’s unavailability, the presence of witnesses who would *18 establish the People’s prima facie case, and other material facts could have been set forth before the Justice supervising the Grand Jury on February 25, 1981. (CPL 190.25, subd 6.) The People’s appearance before the Supervising Justice ensures that upon any subsequent motion by the nonprocrastinating defendants to dismiss the indictment as untimely, the People’s good faith and lack of responsibility for the delay will be preserved as a matter of record.
All of the defendants should be notified of the prosecutor’s intention to appear before the court, so that the nontestifying defendants may contest any continuance and move for a separate Grand Jury presentation as to them, consent to the delay, or obtain a ruling from the court as to the propriety of the delay.
The Supervising Judge will then be in a position to determine the length of the permissible delay and be able to inquire as to the availability of the defendants who wish to testify. It is also possible that the court may be able to determine that the nonappearance of the defendant who has requested to be heard constitutes a waiver of his statutory right to testify, and may order the Grand Jury presentation to proceed. (See People v Byrnes, 33 NY2d 343; People v Epps, 37 NY2d 343.)
In sum, although the court finds that the defendant Regan has established a delay in excess of six months between the commencement of the criminal action and the indictment, the People in their answering papers and by uncontested allegations of fact, have demonstrated that the delay was caused by an “exceptional circumstance” within the meaning of CPL 30.30 (subd 4, par [g]), which was the nonappearance of the codefendant Browning before the Grand Jury on February 25, 1981. The court further finds that the defendant Regan, who was at liberty on bail, was not prejudiced by the delay and is bound by his codefendant’s complicity in the delay by virtue of his failure to request a ruling contemporaneously with the continuances of the Grand Jury proceedings or to otherwise object to the continuances. As a caveat, the court notes that while the reasons given by the prosecution for the delay are uncontested upon this record (see People v Lomax, 50 NY2d 351, supra), in future cases of this sort it *19 would be advisable for the prosecution to set forth their readiness to proceed to the Grand Jury and the circumstances rendering them unable to do so, upon the record before the Judge supervising the Grand Jury.
The motion to dismiss the indictment is accordingly denied.