OPINION OF THE COURT
Michael A. Correero, J.
The defendants Luis Mendez, Juan Rivera and Julio Rivera have been indicted for kidnapping in the second degree (2 counts) and assault in the second degree (3 counts) pursuant to sections 135.20 and 120.05 of the Penal Law, respectively.
They now move to dismiss the indictment pursuant to CPL 30.30 on the ground that the People were not ready for trial within six months of the commencement of the criminal action against them.
*1012 On February 10,1984 a hearing was held on the motion.
THE CPL 30.30 MOTION
The defendants were arraigned on a felony complaint on October 17, 1982. The People were not ready for trial within the meaning of CPL 30.30 until October 25,1983, a period of 12 months and 8 days after the filing of the felony complaint. CPL 30.30 (subd 1, par [a]) requires that a motion to dismiss an indictment be granted when the People are not ready for trial within six months of the filing of a felony complaint. CPL 30.30 (subd 4) sets forth the periods of delay which must be excluded in computing the time within which the People must be ready for trial.
The People contend that they were ready for trial within the period prescribed by CPL 30.30 since an analysis of each of the adjournments reveals that less than six months of the total delay is chargeable to them when the CPL 30.30 (subd 4) time exclusions are computed.
The defense contends that since the People’s position from the outset of the prosecution was that the instant case would not be tried until certain allegedly related homicides had been tried, the entire period between arraignment and the People’s statement of readiness should be charged to the People, including periods of time otherwise excludable pursuant to CPL 30.30 (subd 4). The defendants maintain that the time requested to file pretrial motions, consent adjournments, and adjournments for judicial decisions should not be excluded from the computation of CPL 30.30 time since the priorities established by the District Attorney caused the delay, and that the priorities would not have been changed regardless of whether defense motions were made or whether the defendants consented to the adjournments.
The court does not agree. CPL 30.30, including the subdivision 4 exclusions, is applicable to all felonies except homicides. The mere fact that the prosecution, for tactical reasons, elects to try one case prior to commencing the trial of another does not deprive the People of the benefit afforded them by those statutory exclusions provided they are otherwise applicable. The District Attorney by statute and case law is provided broad discretion in determining prosecutorial priorities (County Law, § 700, subd 1; People *1013 v Di Falco, 44 NY2d 482). Indeed, it is the District Attorney’s duty to do so in light of the volume of cases that must be prosecuted and the attendant fiscal and personnel constraints placed upon his staff (People v Harding, 44 AD2d 800; People v Bowman, 88 Misc 2d 50). Furthermore, the right to establish priorities is not affected by CPL 30.30, provided the People otherwise comply with the statute’s requirements. There is no indication in the legislative history that the Legislature intended to penalize the People for attempting to establish priorities, by depriving them of the ameliorative applications of the CPL 30.30 (subd 4) exclusions. The People do not waive these statutory exclusions simply because they state at the outset of a prosecution that for tactical reasons they prefer to try one case before another. These elections are within the District Attorney’s prerogative and as long as the statutory obligations of CPL 30.30 are fulfilled the District Attorney is entitled to exercise this discretion without penalty.
Therefore, in determining whether there has been a violation of the defendants’ CPL 30.30 rights, the court finds that the exclusions listed in subdivision 4 are applicable to this case.
At the hearing conducted before me, the District Attorney conceded that 137 days of nonexcludable time had elapsed prior to the People’s announcement of trial readiness on October 25, 1983. In issue, however, and crucial to the outcome of this motion, is the 54-day period resulting from the adjournment from June 10, 1983 to August 3, 1983.
A review of the minutes of the June 10, 1983 calendar call reveals that although all three defendants were present, only the defendant Julio Rivera’s counsel was present. Respective counsel for the other defendants failed to appear or provide affirmation of engagement at this calendar call. The court charged the adjournment to the People with respect to the defendant Julio Rivera since his counsel was present and the People did not announce their readiness for trial. However, as to the codefendants, the court “charged” the adjournment to them because their attorneys were absent. The court stated:
*1014 “I have no attitude about adjourning the case when attorneys don’t show up when the case is called on the calendar for any long period of time and charged — charging it to them. They’re not here to voice their objection and they should be charged with it.
“They owe an obligation to the court to be here and available when the case is called.”
The People contend that this adjournment is excludable as to all three defendants since the time was “charged” to two of the codefendants and CPL 30.30 (subd 4, par [d]) in pertinent part provides as follows:
“In computing the time within which the people must be
ready for trial * * * the following periods must be excluded
* * *
“(d) a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial pursuant to this section has not run and good cause is not shown for granting a severance”.
Counsel for the defendants contend that although two of them did not appear they had an informal understanding between them that each counsel could represent all parties for the purposes of taking adjournments. Moreover, the defendants urge that counsel appearance was unnecessary since the People’s position from the outset had been not to proceed with this indictment prior to the trial of the homicide which was still pending at the time of the June 10, 1983 adjournment.
It should also be noted that the defendant Julio Rivera contends that regardless of the outcome of the disposition of his codefendants’ motion, he is separately entitled to relief because the People were charged with the 54-day period in his case and that the 191 days of nonexcludable delay mandates dismissal. However, the People contend that CPL 30.30 (subd 4, par [d]) excludes this period of delay as to Julio Rivera.
With respect to the codefendants whose attorneys failed to appear, the apparent rationale of the court in charging the delay to them was based on their implied acquiescence in the delay, i.e., through their absence they failed to object to the delay and therefore are deemed to *1015 have consented thereto. It is well settled that adjournments with the consent of counsel are excludable pursuant to CPL 30.30 (subd 4, par [b]). (People v Range, 80 AD2d 812; People v Williams, 56 AD2d 667.)
The minutes of the adjournment do not reveal that the court was apprised of any informal understanding between counsel as to their respective appearances for calendar call. Nor is there anything reflected in the record of the history of these proceedings that the People or the court were aware of such an understanding. Consequently, while there may have been a general, informal agreement between counsel to cover one another for the purposes of calendar calls, this understanding, not having been communicated to the People or the court, neither binds them nor does it suffice to alter the basis upon which the court determined to whom the adjournments would be charged.
Furthermore, this court may not sustain the defendant’s contention that it was unnecessary for counsel to appear because of the People’s stated position of the order in which these matters would be tried.
The court is persuaded that to sustain the defendants’ contentions would be to tacitly approve the failure of counsel to adequately discharge their obligations to appear in court; acceptance of this contention in total would mean that defense counsel would have no burden under CPL 30.30 to appear in court until the People announce their readiness to proceed. The court is impressed that the Legislature could not have intended or contemplated such a result when it devised CPL 30.30. Particular problems are presented by multiple defendant cases with respect to CPL 30.30. The statute requires the court to make determinations at each adjournment as to whom the time will be charged, therefore, it is imperative that counsel for each defendant be present to safeguard the interests of his client under CPL 30.30. As the court in People v Regan (110 Misc 2d 12,17) stated: “CPL 30.30 (subd 4, par [d]) contemplates court involvement in the resolution of disputes between multiple defendants and between those defendants and the prosecutor. That section places the burden on the defendant who wishes to expedite the proceedings to show ‘good cause * * * for granting a severance’. This permits the court *1016 to resolve the dispute and, simultaneously, to make a contemporaneous, comprehensive, and complete record.”
Therefore, since the June 10, 1983 adjournment was determined to be excludable with respect to two of his codefendants, and in light of Julio Rivera’s failure to move for a severance, this 54-day period of delay must also be excluded as to Julio Rivera by operation of CPL 30.30 (subd 4, par [d]) (see People v Bravman, 89 Misc 2d 596).
Accordingly, the court finds that a total of 137 days of nonexcludable delay to have elapsed and, therefore, the defendants’ motion to dismiss the indictment pursuant to CPL 30.30 is denied.