■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOAQUIN ROBLES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bourgeois, J.), rendered January 25, 1985, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), criminal possession of stolen property in the first degree (two counts), and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of the defendant's motion to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial.

Ordered that the judgment is affirmed.

The defendant claims that the trial court erred in denying his motion, pursuant to CPL 30.30, to dismiss the indictment on the ground that he was deprived of his right to a speedy trial. The record indicates that this action was commenced by the filing of a felony complaint on September 24, 1983. Just 33 days later, on October 27, 1983, the People announced on the

record that they were ready for trial. Subsequently, the case was adjourned numerous times, primarily because of the unavailability of the codefendant or the codefendant's counsel. On May 29, 1984, the defendant moved for dismissal of the indictment on the ground that he had been deprived of his statutory right to a speedy trial. On July 27, 1984, the defendant and the prosecutor entered into a written stipulation which stated that the People were chargeable with only 31 days of delay. On August 8, 1984, the court denied the motion, without a hearing, finding that the People had announced their readiness for trial well within the statutory period. The trial commenced on December 6, 1984.

The validity of the stipulation was not challenged in the hearing court and is not challenged on appeal. Thus, the court was entitled to rely on the stipulation which undermined the factual averments of the defendant's moving papers. Accordingly, the court properly determined that a hearing on the speedy trial motion was unnecessary (see, People v Lomax, 50 NY2d 351).

Although there was 4½ months of additional delay subsequent to the stipulation, the record does not indicate that the defendant renewed his motion for dismissal at any time after the first speedy trial motion was denied (see, People v Calderon, 91 AD2d 1054). Therefore, the statutory speedy trial claim raised on appeal with respect to the poststipulation time period is unpreserved as a matter of law. In any event, it appears from the record that only a small part of the poststipulation delay is attributable to the prosecution.

Furthermore, pursuant to CPL 30.30 (4) (d), the People are not chargeable for a reasonable period of delay when "the defendant is joined for trial with a co-defendant as to whom the time for trial pursuant to this section has not run and good cause is not shown for granting a severance." In this case, the defendant did not move for a severance until shortly before the trial began. The delay caused by the codefendant was not so lengthy or unreasonable as to remove it from the exclusion provided by this subdivision.

We have considered the defendant's other contentions and find them to be without merit. Thompson, J. P., Lawrence, Spatt and Harwood, JJ., concur.