OPINION OF THE COURT
Alan D. Marrus, J.
The defendant has made a motion pursuant to CPL 30.30 to *80 dismiss his indictment for denial of a speedy trial. The bulk of the delay here has been caused by the codefendant’s claim of police brutality against the police officer who swore out the felony complaint and who is a material witness.
The chief issue is whether the period of time during which the People investigated this complaint of police brutality made by the codefendant constitutes excludable speedy trial time from the defendant’s case. Does this period of time constitute an exceptional circumstance under CPL 30.30?
The starting point is that court adjournments caused by a codefendant are generally excludable from the speedy trial time to prosecute the defendant where the defendant has failed to object to the adjournment by moving for a severance. (CPL 30.30 [4] [d]; People v Robles, 139 AD2d 781 [2d Dept 1988], lv denied 72 NY2d 865 [1988].) This rule, however, does not explicitly cover preindictment delays occasioned by a codefendant, although one lower court has held "that the considerations underlying paragraph (d) of subdivision 4 in the postindictment context apply with equal force to the preindictment stages.” (People v Regan, 110 Misc 2d 12, 17 [Sup Ct, NY County 1981].) The position taken by the lower court in the Regan case was specifically adopted by the Appellate Division in People v Fuellen (160 AD2d 219 [1st Dept 1990]).
Both Fuellen (supra) and Regan (supra) involved delays by codefendants seeking to exercise their right to testify before the Grand Jury. Here the delay is primarily caused by the codefendant’s claim of police brutality against a material witness, resulting in an investigation by the District Attorney and a delay in the presentation of the case in the Grand Jury regarding both the defendant and the codefendant.
Although the reasons for the delay are different in this case, it should be self-evident that the same public policy considerations cited in support of the Fuellen and Regan cases apply. To hold against the People here, just as in Fuellen (supra) and Regan (supra), "would be to invite untoward tactical defense maneuverings in multiple defendant cases and would unjustifiably interfere with the ability of a prosecutor to properly obtain indictments in such cases.” (People v Fuellen, supra, at 222.) Indeed, the public policy considerations in support of delaying a Grand Jury presentation to investigate a claim of police brutality brought by a codefendant are more compelling than those which support the delay caused by the exercise of a codefendant’s right to testify before the Grand Jury. Surely
*81 both the defendant and the public at large benefit greatly when a prosecutor takes the time and trouble to investigate fully a claim of misconduct by a police officer that may taint the criminal prosecution.
That said, there still remains the question as to whether the entire period of time of the prosecutor’s investigation into the allegation constitutes an exceptional circumstance. Put another way, the issue remains whether the prosecutor took a reasonable amount of time to complete the investigation.
Here the delay caused by the investigation was approximately eight months. The burden should be on the People to come forward with facts to explain and to justify such a lengthy investigation. The People have in fact submitted a chronology of their investigation into the claim of police brutality. A summary of the People’s version, undisputed by the defendant, follows:
August 2, 1989 — The allegations of police brutality are made.
August 24, 1989 — The Law Enforcement Investigations Bureau (hereinafter referred to as L. E. I. B.) commences formal investigation.
September 5, 1989 — Letter sent to defendant’s attorney to contact them re: investigation.
September 11, 1989 — Lawyer responds and says that he will try and contact defendant.
— L. E. I. B. contacts office of codefendant’s attorney and leaves message to contact unit. October 23, 1989
October 31, 1989 — L. E. I. B. contacts codefendant’s attorney and schedules appointment for November 20, 1989.
November 2, 1989 — Codefendant’s attorney calls L. E. I. B. and cancels appointment.
November 6, 1989 — Codefendant’s attorney reschedules appointment for November 15, 1989.
November 15, 1989 — Codefendant appears at L. E. I. B. but attorney calls and cancels. Meeting rescheduled for November 27, 1989.
November 27, 1989 — Codefendant’s attorney shows up but codefendant does not.
December 28, 1989 — L. E. I. B. calls codefendant’s attor *82 nev and learns that codefendant has been rearrested.
January 5,1990 — L. E. I. B. calls codefendant’s attorney and asks him to contact his client.
February 2, 1990 — L. E. I. B. calls codefendant’s attorney and leaves a message for him to contact them — attorney never returns the call.
March 28, 1990 — The case is submitted for closure.
April 14, 1990 — Case is formally closed.
April 27, 1990 — The case is presented to Grand Jury.
It appears from this chronology of events that the People made a good-faith effort to give the codefendant and his attorney a full and fair opportunity to come forward with evidence to support their claim of police brutality. It also appears, however, that the People waited an inordinately long period of time (from Aug. 24, 1989 to Oct. 23, 1989) to contact the codefendant’s attorney to schedule an interview. It further appears that the People waited an inordinate period of time to close the investigation (Apr. 14, 1990) after the defendant failed to appear for a scheduled interview (Nov. 27, 1989) and the People learned that the codefendant had been rearrested (Dec. 28, 1989).
The court recognizes that L. E. I. B. must have been handling numerous other investigations during this period of time and that there was difficulty in contacting the codefendant’s attorney on several occasions. Nevertheless, to wait a month between phone calls which go unreturned or result in no meaningful action displays a lack of urgency and concern for the speedy resolution of both the investigation into the claim of police brutality as well as the prosecution of the underlying criminal case. Thus, the court will charge the People with an additional 60 days of speedy trial time, 30 days of which is for the delay in contacting the codefendant’s attorney (Aug. 24-Oct. 23, 1989) and 30 days of which is for the inordinate delay in closing the investigation after the defendant failed to appear for an interview and was rearrested (Nov. 27, 1989-Apr. 14, 1990).
While to some extent the 60 days’ exclusion from the computation of a reasonable time period to complete the People’s investigation may represent an arbitrary number, it would be more unfair to exempt the prosecution from any *83 accountability for unnecessary delays or to exclude the entire period of investigation as an exceptional circumstance. Indeed, with the deduction of 60 days, the court is allowing a total period of approximately six months to be excluded from the speedy trial time charged to the prosecution. Surely six months constitutes a reasonable period of time to allow for an investigation of police misconduct where the underlying criminal prosecution is being held in abeyance. As to all of the adjournments in this case, the court apportions the speedy trial time as follows:
[[Image here]]
*84 [[Image here]]
The chargeable adjournments include the period between August 24, 1989 and October 23, 1989, a total of 30 days; the period between November 27, 1989 and April 14, 1990, a total of 30 days; the period between April 14, 1990 and April 27, 1990, a total of 13 days; the period between July 6, 1990 and July 27, 1990, a total of 21 days; the period between July 27, 1990 and August 17, 1990, a total of 21 days; the period between August 17, 1990 and September 5, 1990, a total of 19 days; the period between September 5, 1990 and October 2, 1990, a total of 27 days.
The chargeable time against the People adds up to 161 days.
, In this case, the six-month speedy trial limit consists of 184 days which commenced on August 2, 1989, when the defendant was arraigned on a felony complaint in the Criminal Court. The motion to dismiss is therefore denied.