*379 OPINION OF THE COURT
Charles J. Heffernan, Jr., J.
This case presents a question of first impression: whether the period of time necessary for a prosecutorial investigation of a complainant off-duty police officer which was conducted at the request of a person who was arrested with defendant, but who is separately charged and prosecuted, should be excluded for speedy trial purposes, where defendant neither sought the investigation nor consented to any adjournment related thereto.
Defendant has moved for dismissal of the information on the ground that he has been denied his right to a statutory speedy trial under CPL 170.30 (1) (e) and 30.30 (1) (b). The motion is rooted in defendant’s contention that the time consumed by the investigation should be charged to the People. The parties agree that determination of that question will resolve the motion. For the reasons which follow, the motion should be granted.
THE CHRONOLOGY OF THIS PROSECUTION
While the parties differ as to the content of some of the prior proceedings in this prosecution, the following chronology of this case is not in meaningful dispute:
On April 15, 1995, defendant and Kevin McMahon were arrested as a result of an alleged interaction between them and an off-duty police officer and a companion. Defendant and McMahon were charged on separate dockets. Defendant was initially charged with assault in the second degree (Penal Law § 120.05 [1]), assault in the third degree (Penal Law § 120.00 [1]) and harassment in the second degree (Penal Law § 240.26), pertaining to alleged activity directed at the officer and his companion. Defendant and McMahon were arraigned on their respective dockets on April 16, 1995, when the cases were adjourned to May 10, 1995. On that date, on the motion of the People, the felony assault charge against defendant was reduced to assault in the third degree, but the misdemeanor complaint was not converted to an information. The case was adjourned to June 6, 1995 for that purpose.[1]
It was also at the May 10th appearance that the central issue in this motion first emerged. On that date McMahon, *380 through his attorney, registered a complaint about the conduct of the off-duty police officer during the incident here at issue, and requested that the District Attorney’s office investigate the matter. The District Attorney’s office thereafter conducted such an investigation through its Law Enforcement Investigation Bureau (L.E.I.B.), which did not end until the People reported on February 21, 1996 — some nine months later — that no charges would be pursued against the officer.
The parties disagree, however, about defendant’s position regarding that complaint. Defendant asserts that his then-attorney objected to the court’s adjournment of his case for the investigation, noted that defendant had not requested such investigation and asked that the case against him continue without such interruption as was caused by the investigation. The People contend that defendant, through his counsel, joined in the request for the investigation.[2] As demonstrated by the segments of the record related below, defendant is correct.
The minutes of the May 10th proceeding read in relevant part as follows: "assistant district attorney: Judge, in reference to Kevin McMahon, Defense Counsel has made a request that I do an investigation into this matter.” (Emphasis supplied.)
On June 6, 1995, three things occurred: first, the People converted the case to an information; second, as detailed below, there was discussion about the L.E.I.B. investigation requested by McMahon’s counsel; third, the court ordered discovery by stipulation (DBS). The matter was then adjourned to July 14, 1995. The minutes of the June 6th proceeding read in relevant part as follows: "counsel for co-defendant: My office has been in communication with Dennis Hawkins and we’ve agreed to adjourned [sic] it on consent while he does an investigation.”
On July 14, 1995, the People failed to provide to defendant the DBS ordered by the court on June 6, 1995. The matter was adjourned to August 16, 1995, once again for DBS, as well as for the investigation.
*381 On August 16, 1995 the People served and filed DBS on defendant, and the matter was adjourned to September 29, 1995 to Jury Part 1 for any hearings needed in the case, as well as trial. Counsel for McMahon once again verified that it was he who requested the investigation.
On September 29, 1995, defendant was represented by another member of the Legal Aid Society. The People did not answer ready for trial. Counsel for McMahon noted that he had received a letter from the District Attorney requesting that he provide witnesses to be interviewed as part of the investigation. Also, as detailed in the minutes quoted below, the court adjourned the matter to October 26, 1995 for the People to investigate.[3]
On October 26, 1995 defendant’s then-counsel was not present, and defendant was represented, by yet a third Legal Aid Society attorney. Following an unrecorded bench conference, the court declared the matter "not a ready case” and returned the cases of defendant and McMahon to Part AP 5 for December 5, 1995 for further discovery.
On December 5, 1995, the People did not answer ready for trial, but served medical records upon defendant. There was additional discussion by defendant’s then-counsel about the L.E.I.B. investigation. The matter was then adjourned to January 18, 1996 for trial.
On January 18, 1996, the People did not answer ready for trial, and in fact sought an adjournment for conclusion of the L.E.I.B. investigation. As related below, defendant’s then-counsel vigorously protested further delay, and specifically stated that defendant had not sought that investigation.[4] In response to an inquiry by the court about the L.E.I.B. investigation, the People stated: "Therefore, we can’t go forward with *382 the co-defendant’s case or this defendant’s case.” The matter was adjourned to Jury Part 3 for February 14, 1996.
On February 14, 1996, defendant’s present counsel appeared for the first time. The People again sought an adjournment, initially of one month, to complete the investigation. As detailed below, defendant’s counsel made a lengthy, explicit statement that defendant had never sought the L.E.I.B. investigation and should not be prejudiced by the request for it, which was made only by counsel for McMahon.[5] Defendant’s *383 counsel also requested dismissal on speedy trial grounds. The matter was adjourned to February 21, 1996.
On February 21, 1996, the People reported to the court that the investigation was complete "as to the other-co-defendant”, and that the People would not pursue charges against the complainant officer. The People also informed the court that they were not ready for trial.
THE POSITIONS OF THE PARTIES
As noted above, the parties agree that the dispositive issue in the motion before the court is whether the period of time consumed by the investigation should be included in or excluded from the speedy trial time chargeable to the People. That is, the parties concur that if such time is charged to the People, the motion should be granted; likewise, if that period is not so charged, the motion must be denied.
The Defense Argument
Defendant argues that the period of time during which the investigation was conducted should be charged to the People for the reason that he neither requested nor consented to the investigation sought by McMahon. He notes that although his then-counsel did not object to the L.E.I.B. investigation, the record of the May 10th proceeding shows that the prosecutor addressed his comments regarding waiver of speedy trial time only to codefendant McMahon and his counsel; that the prosecutor did not then address defendant or his counsel; that the L.E.I.B. investigation was requested by counsel for McMahon; that the speedy trial time would toll only for McMahon; and that there was no need for defendant’s then-counsel to object because the People never contended that the speedy trial time was tolled as to defendant. Finally, defendant asserts that the People’s treatment of McMahon’s and his cases suggests that they were indeed separate entities, in that the People failed to request that defendant waive his speedy trial time when such a request was made of McMahon at the May 10th proceeding.[6]
*384 The People’s Argument
The People counter that the investigative period should be excludable time in the speedy trial computation. In support of their position, the People rely on People v Robles (139 AD2d 781 [2d Dept 1988], lv denied 72 NY2d 865 [1988]), People v Azcona (180 AD2d 690 [2d Dept 1992], lv denied 80 NY2d 828 [1992]) and People v Goggans (150 Misc 2d 79 [Sup Ct, Kings County 1991]). Each of those cases is inapposite to the facts at bar.[7]
THE LEGAL ANALYSIS
Resolution of this motion properly begins with recognition of the governing statutory and decisional principles. Where, as here, a criminal action is commenced by the filing of a felony complaint which is replaced by an information charging a class A misdemeanor, the People must communicate their readiness for trial within six months of the filing of the felony complaint or within 90 days of the filing of the information, whichever period is shorter (CPL 30.30 [5] [c]). The communication must be of present readiness, made either in open court where it is to be transcribed by the stenographer or recorded by the clerk, or by written notice to both defense counsel and the appropriate court clerk (People v Kendzia, 64 NY2d 331 [1985]). Present readiness for trial is established when the People have a valid accusatory instrument upon whicli the defendant may be brought to trial, where the People have complied with their obligation to produce for trial a defendant in their custody and where the People have complied with all pending proceedings required to be decided before trial can commence (People v Caussade, 162 AD2d 4 [2d Dept 1990]).
As noted by one commentator, in People v Anderson (66 NY2d 529 [1985]), the Court of Appeals has found in CPL 30.30 *385 (3) (b) a generalized legislative intent to permit motions to dismiss for the People’s postreadiness delay. Time will be charged to the People under that subdivision when the People’s failure is one that constitutes a direct impediment to trial. In such a case, the People will be deemed to have violated the implied obligation to maintain readiness for trial. As a result, the period of delay will be tacked on to the period of prereadiness delay in calculating whether the statutory period has been exceeded. (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 30.30, at 174.)
Although defendant’s motion papers state that the People answered ready for trial on August 16, 1996, that is not correct.[8] To the contrary, the minutes of this record reveal that at no time before the filing of the instant speedy trial motion did the People communicate present readiness for trial, either on the record in open court or by filing a certificate of readiness pursuant to People v Kendzia (supra). Although the minutes of the June 6, 1995 proceeding in Part AP 5 show that the court stated "[a]nd People are ready”, that does not satisfy Kendzia.
Thus, the speedy trial issue at bar appears to be one of simple readiness, i.e., did the People answer ready for trial within the shorter period of six months of the filing of the felony complaint or 90 days of the filing of the information (CPL 30.30 [5] [c]). In the alternative, some may argue that the People should be given the benefit of the declaration of readiness made for them by the court presiding on June 6, 1995, Kendzia (supra) notwithstanding. Under that analysis, the readiness issue becomes a postreadiness one under People v Anderson (supra), requiring the court to examine the adjournments preceding and following that declaration, and then determine whether the entirety of such time as is chargeable to the People exceeds the shorter of the above two statutory intervals. As developed below, however, the result in this case is the same under either approach.
It is next necessary to resolve the core question attending this motion, viz., the status of the block of time spent in the L.E.I.B. investigation. In that regard, three key certainties must be recognized: First, the record reveals that defendant never requested the L.E.I.B. investigation, never consented to any adjournment related to it, never waived his right to a speedy trial in connection with it, either verbally or in writing, *386 and was not, in fact, asked to do so by the People. Rather, the investigation was requested only by counsel for McMahon.
Second, defendant and McMahon are not now — and never have been — codefendants since their respective judicial proceedings began. They were charged in separate dockets, which have not been consolidated, and indeed have taken diverse paths, being heard at times in different parts of this court. Thus, the authorities cited by the People do not apply to this case, since each of those cases concerns defendants who were joined for common prosecution. Nor does CPL 30.30 (4) (d), which excludes from speedy trial calculation court adjournments caused by a codefendant, here apply.
Third, the People’s failure to complete the L.E.I.B. investigation was a direct impediment to trial under CPL 30.30 (3) Ob) as interpreted by People v Anderson (supra). For until that investigation was completed, the People — despite the vigorous protests by defendant’s former and present Legal Aid Society attorneys on the record — were not prepared to call to the witness stand the complainant officer who was the subject of the misconduct complaint made by codefendant McMahon. Indeed, the People informed the court in Jury Part 1 on January 18, 1996 that they "can’t go forward with the co-defendant’s case or this defendant’s case” (emphasis supplied) until the L.E.I.B. matter was concluded. There can be fewer, if any, clearer statements of a direct impediment to trial.
Accordingly, this court concludes that each adjournment attributable solely to time required by the People to conduct the L.E.I.B. investigation requested by the separately charged co-defendant is includable within the CPL 30.30 calculation pertaining to defendant. Turning next to the individual adjournments preceding the filing of the present motion, the following table offers the necessary speedy trial analysis.
Number Adjournment of Days Status
April 16 — May 10, 1995 23[9] Included:
Felony
complaint
pending.
*387 MaylO — June 6, 1995 27 Included: Unconverted misdemeanor complaint.
June 6 — July 14, 1995 38 Excluded: DBS.[10]
July 14 — August 16, 1995 33 Included: DBS not furnished to defendant.
August 16 — September 29, 1995 44 Excluded: Court adjourned case for hearings and trial.[11]
September 29 — October 26, 1995 27 Included: People did not answer ready for trial; also see, n 3, supra.
October 26 — December 5, 1995 40 Included: People did not answer ready for trial.
*388 Adjournment Number of Days Status
December 5, 1995 — January 18, 1996 44 Included: People did not answer ready for trial.[12]
January 18 — February 14, 1996 V 27 Included: People did not answer ready for trial, and sought an adjournment for conclusion of the L.E.I.B. investigation; defense counsel protested delay for the investigation.
February 14-21, 1996 7 Included: People did not answer ready for trial, and sought an adjournment for conclusion of the L.E.I.B. investigation; defense counsel again protested.
February 21 — March 6, 1996 14 Included: L.E.I.B. investigation completed; People answered not ready for trial.
The above table reveals that the People are chargeable with 242 days of includable time under either a conventional readiness or a People v Anderson (66 NY2d 529, supra) postreadi *389 ness "tacking on” review. That is, if, as this court finds, the People never lawfully communicated their present readiness on the record prior to the filing of the instant motion, they are chargeable with 242 days of readiness delay, as detailed above. Similarly, even were the court to construe the judicial declaration of readiness on June 6, 1995 as satisfying People v Kendzia (64 NY2d 331, supra) — which it declines to do — the People would be chargeable with 50 days of prereadiness delay and 192 days of postreadiness time, for the same total of 242 days. As it happens, that total exceeds both of the alternative periods under CPL 30.30 (5) (c) — six months from the filing of the felony complaint and 90 days from the filing of the information charging the class A misdemeanor. Since a court must use the shorter of those periods in resolving a speedy trial motion in such a situation, the 90 days’ limitation is the operative one for this case.
CONCLUSION
For the foregoing reasons, defendant’s motion for an order dismissing the information on the ground that he has been denied his statutory right to a speedy trial pursuant to CPL 30.30 (1) (b) is granted.

. There is some confusion in the minutes as to when the People filed and served the corroborating affidavits in this case. The minutes of the May 10, 1995 proceeding show that the People stated that they were filing — at least as to McMahon — those affidavits, thus converting the complaint to an infor *380 mation as to him. However, the minutes of the June 6, 1995 proceeding, recited infra, show that the People then served and filed two corroborating affidavits. The court concludes that the misdemeanor complaint against defendant was not converted until June 6, 1995, a position not disputed by the People in their response to the speedy trial motion at bar.

. Since calendar notations on court papers cannot suffice to determine whether a period in contention is excludable or includable for speedy trial purposes (People v Berkowitz, 50 NY2d 333, 349 [1980]), this court has read and relied on the minutes of the court proceedings of each date discussed herein.

. Since, for the reasons listed below, this court concludes that each adjournment which was required only for -the L.E.I.B. investigation does not, under the circumstances of this case, qualify for exclusion under CPL 30.30, this court does not concur with the conclusion of the Jury Part 1 court on September 29, 1995 that the adjournment to October 26, 1995 constitutes excludable time under that statute. When that court observed that the delay for the investigation was at "his” request, it was correct insofar as the court meant McMahon, whose counsel addressed the court. However, as detailed below, no fair reading of those or other minutes in this case leads to the conclusion that defendant requested the L.E.I.B. investigation.

. The minutes of the January 18th proceeding read in relevant part as follows:
"assistant district attorney: There is an offer, your honor of the investigation. We just need an adjournment for the results of the investigation. Time is excluded because defense counsel was 30.30.
*382 "counsel fob defendant: No. That’s not correct. That’s completely incorrect.
"assistant district attorney: The other individual waived 30.30, he is the co-defendant in the case. He waived 30.30.
"the court: Where is his case pending?
"counsel for defendant: It was yesterday in AP 5. I don’t know why it was adjourned, but at no time did my client or myself waive 30.30 * * * "assistant district attorney: Your position is that you never requested an investigation?
"counsel for defendant: Correct. The other attorney requested an investigation for his client. I never requested an investigation for my client, but we are willing to cooperate with the investigation, so he has been willing to speak with the investigater [sic], but we have never asked for an investigation.” (Emphasis supplied.)

. The minutes of the February 14th proceeding read in relevant part as follows:
"assistant district attorney: The People are not ready today, requesting a one month adjournment in this case.
"the court: Why are you not ready?
"assistant district attorney: I believe there’s continuing investigation and we haven’t completed the investigation.
"counsel for defendant: I am going to ask you [sic] dismiss this case on 30.30 grounds. This case started on April 16. I have come up with one hundred twenty four days chargeable to the People.
"the court: This is one of the reasons—
"counsel for defendant: I agree. It is their position there was another individual that is being tried on a second docket, in a separate court room, and that individual’s attorney asked for a LIB [sic] investigation. We didn’t consent to the investigation nor did we request the investigation. We believe all time on this docket regarding adjournments for the investigation should not be charged to us.
"Moreover, the investigation was ordered on June 6. That’s eight months and they still haven’t concluded the investigation.
"the court: Did you sign a written agreement in order to get this investigation from C.I.D.
"counsel for defendant: We never requested an adjournment.
"the court: It says it was a C.I.D. investigation.
"assistant district attorney: That was my information as well. I don’t have a file, but my information that there was a C.I.D. investigation for this defendant.
*383 "counsel for defendant: There was another attorney who was representing Mr. McMann [sic] on a different docket. He requested the investigation back in June, and it was marked against, over our objection against both parties.” (Emphasis supplied.)

. Letter to court, May 22, 1996, by Stanislao A. German, Esq., counsel for defendant.

. People v Robles (supra), insofar as it is here relevant, held that delay caused by a codefendant was not so lengthy or unreasonable as to remove it from the exclusion provided in CPL 30.30 (4) (d), which does not charge the People for a reasonable period of delay when "the defendant is joined for trial with a co-defendant as to whom the time for trial pursuant to this section has not run and good cause is not shown for granting a severance.” People v Azcona (supra) held that the People were not chargeable with a long period of preindictment delay consumed by the People’s active investigation of allegations of police brutality made by defendant at his arraignment. People v Goggans (supra) held that an eight-month delay caused by the People’s investigation of a codefendant’s complaint of police brutality was not reasonable, but that even with inclusion of six months’ reasonable time for such investigation, defendant’s speedy trial right was not violated.

. Affirmation and mem of law in support of defendant’s motion to dismiss, by Stanislao A. German, Esq., Mar. 6, 1996, at 3, para 5.

. The day of the arraignment is not included in a speedy trial calculation (People v Stiles, 70 NY2d 765 [1987]).

. In the Criminal Court, Kings County, discovery by stipulation is a method of informal discovery formulated by the Kings County District Attorney’s office in concert with the defense bar. It obviates the need for motion practice for discovery and bills of particulars and thus operates in lieu thereof. As such, it is exempt from inclusion in the speedy trial calculation just as motion practice is pursuant to CPL 30.30 (4) (a).

. Since the case was adjourned to Jury Part 1 for "hearings, if any, plus trial”, this court will exclude that period of time.

. In fairness, it must be noted that the above-quoted statements by defendant’s then-counsel at the proceedings of December 5, 1995 could, in the abstract, be construed as acquiescence in the L.E.I.B. investigation delay. Given the totality of the circumstances attending this prosecution, however, no such construction is warranted.