*529 OPINION OF THE COURT
Arlene D. Goldberg, J.
The defendant is charged with criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and related charges.[1] The defendant has moved for an order dismissing the indictment on the grounds that he has been denied his right to a speedy trial pursuant to CPL 30.30 (1) (a). The People oppose the motion.
When the defendant is charged with a felony, the People are required to announce their readiness for trial within six months of the commencement of the criminal action, absent any excludable time. (See CPL 30.30 [1] [a]; [4].) In the instant case, the felony complaint was filed on October 27, 2001,[2] commencing the criminal action. The People thereafter had 182 days within which to answer ready.
The People properly concede that 165 days from the filing of the felony complaint to the defendant’s arraignment on this indictment are properly charged to them. They argue, however, that two short periods of time within the preindictment pendency of this case should be excluded based upon the waiver of speedy trial time by the codefendant. The defendant argues that all the time should be included because these waivers were executed “in secret” and, because he was unaware of the actions of the codefendant, he was precluded from moving for a severance and therefore prejudiced by the delay.
The periods at issue are February 25, 2002 to March 11, 2002 and March 27, 2002 to April 15, 2002. In support of their position that these two time periods should be excluded, the People have provided the court and the defendant with a copy of a typed letter sent to the People by the codefendant’s attorney. (See People’s response, exhibit A.) This letter clearly states that the codefendant waived speedy trial time from February 25 to March 11. (Id.) Below the typed portion of the letter, there is a handwritten note apparently written by the codefendant’s attorney which clearly states that the time from *530 March 27 to within a “reasonable time” is also excluded. (Id.) Below this note are the notes of an assistant district attorney outlining what transpired from April 3 to April 19, 2002 and an opinion by the assistant district attorney that “3/27-4/19” should be on consent. (Id.)
The purpose of the execution of a speedy trial waiver by the codefendant was to facilitate a meeting between the codefendant and the People. While the People did not make reference to their desire to meet with the codefendant at any Part N calendar calls, on April 1, a scheduled calendar date for both defendants to appear in Part N, the court action sheet clearly reflects that the codefendant waived speedy trial time on the record until his next adjourn date of April 8. Although this defendant’s case was adjourned on April 1 to May 20, 2002 for final grand jury action, the April 8 adjournment for the codefendant was public information. On April 8, the court action sheet reflects that the codefendant again waived speedy trial time until his next adjourn date of April 15. On April 15, the codefendant’s case was adjourned to June 10, 2002, but this time the adjournment was not on consent.
Based upon the typed portion of the letter submitted by the People when considered in conjunction with the court action sheet notations, it is clear that, as to the codefendant, the periods from February 25 to March 11 and March 27 to April 15 are excludable. The issue is whether, during this preindictment stage, these tollings of the speedy trial clock bind the defendant. The court finds that they do.
 The defendant argues that the codefendant’s waivers should not bind him because he was unaware of the codefendant’s consent and therefore unable to protect himself by moving to sever his case from that of his codefendant. With respect to the time from April 1 to April 15, this argument is wholly unavailing as the consent adjournments were made on the record and the defendant had unfettered access to this information. With respect to the time from February 25 to March 11 and March 27 to April 1, this argument is more compelling, but, in the end, not persuasive.
CPL 30.30 (4) (d) provides that a reasonable period of delay occasioned by a codefendant binds those defendants with whom he is joined for trial. (CPL 30.30 [4] [d].) Although defendants who have been charged by felony complaint but have not been indicted are not considered “joined for trial,” the Appellate Division, First Department, has held that CPL 30.30 (4) (d) tolls the speedy trial clock in the preindictment stage of the *531 proceedings if delays occasioned by a codefendant constitute an exceptional circumstance under CPL 30.30 (4) (g). (People v Fluellen, 160 AD2d 219, 222 [1st Dept 1990].) Delays occasioned by difficulties in scheduling the appearance of a defendant before a grand jury have been held to be exceptional circumstances within the meaning of CPL 30.30 (4) (g) and toll the speedy trial clock for all defendants charged in the felony complaint, pursuant to CPL 30.30 (4) (d), irrespective of whether the other defendants are exercising their right to testify. (Id.; see also People v Regan, 110 Misc 2d 12 [Sup Ct, NY County 1981].) Similarly, a delay occasioned by the People’s investigation of one defendant’s allegations of police brutality was considered an exceptional circumstance, pursuant to CPL 30.30 (4) (g), and tolled the time for all defendants involved in the case, pursuant to CPL 30.30 (4) (d). (See People v Goggans, 150 Misc 2d 79, 80-81 [Sup Ct, Kings County 1991].) According to the court in Goggans, because the public benefits greatly by a full investigation of misconduct which may ultimately taint the entire criminal prosecution, it is in the interests of all involved to toll the speedy trial clock without exception. (See id.)
The situation in the instant case is analogous to the situation in Goggans. Clearly the codefendant had valuable information to provide to the People which explains his agreeing to the delay and to the subsequent dismissal of his case. It is impossible for the People to have known what effect, if any, this information would have on either the codefendant’s case or this defendant’s case prior to the meeting. It was therefore in the interests of all parties for the People to pursue the available investigative leads prior to presenting evidence to the grand jury.
The fact that the meeting was arranged without the knowledge of the defendant or his attorney does not override the fact that the People had an obligation to facilitate it. It is reasonable, given the potentially volatile situation of one defendant meeting with the prosecutor while the other defendant does not, for there to be no advance warning of such an arrangement. Additionally, there is no incentive for the People to agree to such a meeting if the speedy trial clock continues to run while the schedules of all necessary parties are arranged. By acting reasonably swiftly in trying to arrange the meeting, the People clearly did not cause any undue delay. The periods of delay from February 25 to March 11 and March 27 to April 1, the time periods waived by the codefendant off-calendar, should be *532 considered as occasioned by exceptional circumstances and should toll the clock for this defendant as well. (CPL 30.30 [4] [d], [g].)
As to any “prejudice” ostensibly suffered by the defendant due to the delay, through CPL 30.30 (1) (a), the Legislature contemplated and established time parameters to allow sufficient time for the People to seek an indictment without unfairly burdening the defendant with an unresolved criminal matter. (CPL 30.30 [1] [a].) That the Legislature considered this time restriction a sufficient restraint on the People’s ability to bring an indictment is evidenced by the fact that there is no other remedy available to a defendant during the preindictment pendency of a felony complaint to force the People to move a case along or seek dismissal of the charges when there has been no presentation of evidence to a grand jury within the six-month period. This includes a motion to sever as this remedy is only available once defendants are actually joined for trial by indictment. (CPL 200.20, 200.40, 255.20; see also Regan, 110 Misc 2d at 15.) The defendant’s argument that he was prejudiced by the secrecy of the speedy trial waiver because it precluded his making a severance motion is therefore of no moment. Additionally, the court has no basis to find that the defendant was prejudiced due to any extended delay beyond the six-month time period since the defendant was never incarcerated during the entire time the felony complaint remained unindicted and the indictment was filed on April 30, 2002, only three days after the six months would have expired without any tolling of the speedy trial clock. (See People v Taranovich, 37 NY2d 442, 445 [1975].)
As outlined above, while the People clearly took a large portion of the time allotted to them by CPL 30.30 (1) (a) in seeking an indictment, the additional period of delay was occasioned by an exceptional circumstance and was not an unreasonable exercise of prosecutorial discretion. (See People v Mendez, 125 Misc 2d 1011 [Sup Ct, Kings County 1984].) The People are charged with only the 165 days they have already conceded out of the 182 available to them. Accordingly, the motion to dismiss is denied.

. The defendant was arrested and charged along with a codefendant with possessing cocaine recovered from inside an automobile. The case against the codefendant was dismissed by the People subsequent to the filing of the indictment against this defendant.

. The defendant states in his moving papers that the arrest occurred on November 25, 2001 and the arraignment on November 26, 2001. In his reply, he restates the arrest date as October 25, 2001 and the arraignment date as October 26, 2001. A review of the court file shows the correct arrest date to be October 25 and the correct arraignment date to be October 27.