■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RONALD RANGE, Respondent. — Order, Supreme Court, New York County, entered on March 21, 1979, which granted defendant's motion to dismiss the indictment on the grounds that the People were not ready for trial within six months of commencement of this action, unanimously reversed, on the law and on the facts, defendant's motion is denied, the indictment reinstated, and the case remanded to Supreme Court, New York County, for further proceedings. It is alleged that in the early morning hours of October 8, 1977, defendant and two others forcibly stole various items of personal property from the complainant. Defendant was apprehended later that day and a three-count indictment was filed five days later, charging defendant with the crimes of burglary in the first degree and robbery in the first and second degrees. Defendant's two accomplices were later arrested and indicted. The last indictment was filed on December 14, 1977. Thereafter, more than six months elapsed and defendant was not brought to trial. In due course defendant moved pursuant to CPL 30.30 to dismiss the indictment. The court eventually granted defendant's motion and we now reverse. Criminal Term found that there were 193 days, in three distinct groupings, chargeable to the People. The first time period, encompassing 27 days from the date of defendant's arrest on October 8, 1977, to the date of his arraignment on the indictment (Nov. 4, 1977) is correctly chargeable to the People, as conceded in their brief on appeal. The second interval from January 6, 1978, to May 11, 1978, a total of 125 days, must be subdivided and then analyzed. The first 39 days within this period from January 6 to February 14, and the last 22 days from April 19 to May 11, were properly includable. However, as to the intermediate 64-day period from February 14 to April 18, the People correctly argue that this period is excludable. During this entire two-month span, a motion filed by the People was under consideration by the court. This exact situation was contemplated by the statute and expressly excluded. "In computing the time within which the people must be ready for trial * * * the following periods must be excluded: (a) a reasonable period of delay resulting from other proceedings concerning the defendant, including but not limited to proceedings for the determination of competency * * * pre-trial motions; and the period during which such matters are under consideration by the court" (CPL 30.30, subd 4, par [a]). The record before us adequately demonstrates that the sole reason for this delay is attributable to the court and not chargeable to the People. The third time frame, which

we must consider, is a 41-day period from May 16 to June 26. During this interval there were two distinct delays, both of which should have been excluded. The first 23 days were excludable on the ground that on May 16 the defendant for a second time moved to relieve his attorney. The court denied this motion and counted the time as includable to defendant but excludable as to codefendants. This was error. A motion to consolidate made by the People had been previously granted and this period should have been excluded as a reasonable delay when defendant is joined for trial with another as to whom the six-month ready rule has not run (CPL 30.30, subd 4, par [d]). As to the remaining 18 days from June 8 to June 26, the record discloses that on the former date counsel for defendant was not in court. This period is chargeable to defendant and not the People. When these times are analyzed in the above fashion, it becomes evident that the total time charged to the People was well within the statutory time limit and it was error to grant the motion and dismiss the indictment. We have reviewed the other points raised by defendant on this appeal and find them to be lacking in merit. Concur — Birns, J.P., Sullivan, Ross, Markewich and Silverman, JJ.