OPINION OF THE COURT
John P. Collins, J.
The defendant moves (1) pursuant to CPL 30.30 to dismiss a felony complaint; (2) to relitigate a court order requiring handwriting exemplars; and (3) to suppress physical evidence.
Etheridge — no novice in our courts — is charged with criminal possession of stolen property, forgery and criminal possession of forged instruments in accusatory instruments filed in the Criminal Court on January 3, 1980. In September, 1980, a preliminary hearing was held. After a finding that there was reasonable cause to believe that the defendant committed at least one felony, the matter was held for the action of the Grand Jury. Then the court — after hearing both parties — signed an order requiring Etheridge to submit handwriting exemplars to the District Attorney.
*99 For administrative purposes — the handwriting order having been issued in the lower court — the case was subsequently returned to the Criminal Court pursuant to CPL 180.40.
The defendant continually refused to obey the orders of the Criminal Court. He was found to be in contempt of court. After an unsuccessful challenge of the court’s authority — brought pursuant to an article 78 proceeding — the defendant was sentenced in the Criminal Court, four times on separate contempt rulings.
Two and one-half years have passed since the defendant was first arrested. His incarceration is not solely a result of these charges. Similar cases are pending in New York County.
The Bronx County District Attorney has yet to present his case to the Grand Jury. He requires the handwriting exemplars in order to attempt to prosecute Etheridge on all the charges for which he was arrested. Any compelling of Etheridge to appear before the Grand Jury — in order to extract exemplars — would result in his receiving immunity. (See People v Perri, 72 AD2d 106.)
The court turns first to that portion of the defendant’s motion which seeks dismissal pursuant to CPL 30.30.
The defendant contends that since the action has been pending for trial more than six months and there is no indictment, the complaints should be dismissed.
The People maintain that the delay was caused by the defendant. They assert that until Etheridge submits the exemplars they lack sufficient evidence to successfully prosecute him on all the charges for which he was arrested. Prosecution of some but not all of the charges might result, at a later date, in a finding — pursuant to CPL 40.40 — of collateral estoppel as to the remaining charges. The People suggest that the defendant should not be allowed to benefit from his contemptuous conduct.
The court recognizes that the People have a heavy burden of proof when preindictment delay has occurred. The court has held a hearing on the issues.
From January 3, 1980 to July 19, 1982, a period of 927 days has transpired. Of these the court finds that 93 are *100 unquestionably chargeable to the People. One hundred forty-four days are excludable because of consent adjournments. Thirty-six days are excludable as a result of court action, such as continuances ordered during hearings and adjournments for court decisions.
This leaves a remaining period of 654 days. Does the failure of the defendant to supply handwriting exemplars result in this period of delay being excludable by reason of the provisions of CPL 30.30? The issue, possibly one of first impression, must be decided by this court.
CPL 30.30, the speedy trial statute, provides in pertinent part:
“1 * * * a motion * * * must be granted where the people are not ready for trial within:
“(a) six months of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony * * *
“4. In computing the time within which the People must be ready for trial * * * the following periods must be excluded:
“(a) a reasonable period of delay resulting from other proceedings concerning the defendant, including but not limited to proceedings for the determination of competency and the period during which defendant is incompetent to stand trial; demand to produce; pre-trial motions; appeals; trial of other charges; and the period during which such matters are under consideration by the court; or * * *
“(g) other periods of delay occasioned by exceptional circumstances, including but not limited to, the period of delay resulting from a continuance granted at the request of a district attorney if (i) the continuance is granted because of the unavailability of evidence material to the people’s case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period”.
The period of delay here was a reasonable one resulting from pretrial proceedings concerning the defendant. The delay was also occasioned by an exceptional circumstance. Certain evidence — handwriting exemplars — was un *101 available and material to the People’s case. The prosecutor’s inability to proceed was justified. The District Attorney pursued his investigation with credible vigorous activity. (See People v Washington, 43 NY2d 772.)
At first blush it seems strange that a defendant should have to provide evidence that may ultimately convict him. The law, however, is clear on that issue. No Fifth Amendment violation is involved. (See Matter of District Attorney of Kings County v Angelo G., 48 AD2d 576.)
The District Attorney promptly and diligently has sought evidence — handwriting exemplars — to which the People are entitled. Etheridge has actively prevented the District Attorney from obtaining the evidence.
The conduct of a defendant — both positive and negative — may affect his constitutional and statutory rights. When a defendant enters a plea of guilty, he waives his Fifth Amendment rights, he also waives his statutory rights under CPL 30.30. Negative conduct on the part of a defendant may also result in the waiver of rights. A defendant who absconds during trial, forfeits his right to be present. The trial continues. (See Matter of Root v Kapelman, 67 AD2d 131.) The same is true when a defendant willingly fails to appear at the time of sentence. (See People v Stroman, 36 NY2d 939.) Where a defendant voluntarily chooses to improperly participate in a lineup, he cannot later claim that his rights were violated. (See People v Pilgrim, 67 AD2d 1011.)
CPL 30.30 (subd 4, pars [a], [g]) provide for the recognition of similar principles within the context of our speedy trial statute.
In the instant case, Etheridge properly insists that the People meet their speedy trial burden. At the same time — by his conduct — he denies them the opportunity to effectively meet that burden. He prevents the People from obtaining necessary evidence which they are authorized by law to obtain. The District Attorney is forced to engage in extensive pretrial litigation which has resulted in delay.
The failure of the defendant to supply handwriting exemplars has resulted in 654 days’ delay which is excludable under CPL 30.30. Any prejudice which the defendant *102 suffers was a risk he deliberately assumed by his conduct. He may not profit from his contumacious conduct.
Under CPL 30.30 the time chargeable to the People, less excludable delays is 93 days or less than six months. That portion of the defendant’s motion seeking a dismissal is denied.
The relief sought and denominated as “(2)” above is likewise denied. This portion of the motion has been treated as a motion for reargument. In denying it the court notes that the defendant has failed to demonstrate that the court overlooked any controlling fact or principle of law.
The third application seeking suppression of physical evidence is denied as premature. The defendant is granted leave to renew at the appropriate time.