■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES C. WALLACE, Also Known as JAMES JACKSON, Appellant. — Appeals by defendant (1) from a judgment of the County Court, Nassau County (Thorp, J.), rendered November 20, 1980, convicting him of criminal possession of stolen property in the first degree, criminal possession of stolen property in the third degree, petit larceny, and reckless endangerment in the second degree (two counts), upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated November 23, 1981, which, *inter alia,* denied his *pro se* application to vacate his sentence. The appeal from the judgment brings up for review the denial, without a hearing, of defendant's motions to dismiss the indictment for failure to accord him a speedy trial. By order dated June 28, 1982, this court remitted the case to the County Court, Nassau County, to hear and report on the question of whether defendant was deprived of his statutory right to a speedy trial and held the appeals in abeyance in the interim (*People v Wallace,* 88 AD2d 1002). The County Court (Thorp, J.) has now complied. Judgment affirmed. Order affirmed. No opinion. At the conclusion of the hearing held pursuant to this court's order, the County Court found a period of 193 days of the pretrial delay to be chargeable to the People. The court

included in this period, however, a period of 51 days during which the People's motion to amend the top count of the indictment was under consideration by the court. CPL 30.30 (subd 4, par [a]) expressly states: "In computing the time within which the people must be ready for trial * * * the following periods must be excluded: (a) a reasonable period of delay resulting from other proceedings concerning the defendant, including but not limited to * * * pre-trial motions * * * and the period during which such matters are under consideration by the court". Therefore, the entire 51-day period during which the People's motion was under consideration was excludable, and the remaining period was well within the six-month time limitation prescribed by CPL 30.30 (subd 1) (see *People v Range,* 80 AD2d 812). We have examined defendant's other contentions and find them to be without merit. Gibbons, J. P., O'Connor, Weinstein and Boyers, JJ., concur.