■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GEORGE FLUELLEN, Respondent.—Order, Supreme Court, New York County (Rena Uviller, J.), entered December 18, 1987, which dismissed the indictment on the basis of violation of

---

* We note that the action herein appears to meet the elements of fraud. (Prosser and Keeton, Torts, at 728 [5th ed].)

defendant's right to a speedy trial pursuant to CPL 30.30, unanimously reversed, on the law, the indictment reinstated, and the case remanded to the Supreme Court for further proceedings.

In the early morning hours of November 13, 1986, police officers approached defendant and three other men on a Manhattan street corner. As the officers approached, the men reached into a nearby garbage pail. When one of the officers inspected the pail, he recovered three loaded .38 caliber revolvers. Upon a search, it was discovered that defendant was wearing a bulletproof vest and was carrying 14 rounds of .38 caliber ammunition on his person. All four men were arrested.

On November 14, 1986, defendant and the three others—Owens, Buckner, and Roche—were arraigned on a felony complaint charging each of them with criminal possession of a weapon in the third degree. At that time, all four served written notice of their intention to testify before the Grand Jury.

On November 18, 1986, the prosecutor presented to the Grand Jury all of the police testimony relevant to the People's case. By this date, defendant had already withdrawn his Grand Jury notice, but two codefendants, Owens and Buckner, still indicated that they wished to testify before the Grand Jury. In light of their stated intention to testify, the prosecutor did not ask the Grand Jury to vote, and instead kept the case open.

Between November 18 and December 5, 1986, when the Grand Jury term ended, the prosecutor attempted to arrange with counsel for Owens and Buckner to testify. The only response received was from Owens' attorney that Owens would be available to testify on January 9, 1987, a date after the Grand Jury term would have concluded. For that reason, on the last day of the term (Dec. 5, 1986), the prosecutor withdrew the case from the Grand Jury.

On the adjourned date of January 9, Owens and Buckner withdrew their requests to testify before the Grand Jury.

On January 28, 1987, the People moved ex parte before Justice Soloff for leave to resubmit the case before another Grand Jury, in accord with the procedure set forth in *People v Wilkins* (68 NY2d 269) and CPL 190.75 (3). The motion was pending until March 11, 1987, when Justice Soloff ruled that in this case the motion was required to be made on notice. After proper notice was given and defense counsel answered on April 1, 1987, Justice Soloff ultimately granted the motion

on April 24, 1987, finding that the People had proffered a legitimate reason for the withdrawal from the first Grand Jury. On May 12, 1987, the new Grand Jury returned an indictment charging defendant with the instant crime, and on June 18, 1987 the People answered ready for trial. Thereafter, defendant made the instant motion to dismiss the indictment for failure to provide him a speedy trial. The People contended that the delays occasioned by the codefendants' failure to testify before the Grand Jury and the People's subsequent efforts to re-present the case were excludable as an "exceptional circumstance".

The motion court granted the defendant's speedy trial motion and dismissed the indictment. The court acknowledged that in some cases preindictment delay occasioned by a codefendant's request, and then failure, to testify before the Grand Jury may constitute an "exceptional circumstance" within the meaning of CPL 30.30 (4) (g) and may therefore be rendered excludable, citing *People v Regan* (110 Misc 2d 12). However, the court concluded that the delay here did not qualify as such an "exceptional circumstance", based upon its finding that the prosecutor's resolve to proceed against the codefendants was not firm and that the People should have requested the first Grand Jury to vote an indictment against defendant Fluellen alone before the expiration of its term. The court held that the entire period from arraignment on November 14, 1986 until the time the People answered "ready" on June 18, 1987 (a period of 216 days) was chargeable to the People and that a dismissal of the indictment was required pursuant to CPL 30.30 (1) (a).

We find that the motion court improperly charged to the People both the period of delay occasioned by the codefendants' stated desire to testify before the Grand Jury and other time periods in the subsequent proceedings necessitated thereby.

CPL 30.30 (4) (g) provides that "periods of delay occasioned by exceptional circumstances, including but not limited to, the period of delay resulting from a continuance * * * granted because of the unavailability of evidence material to the People's case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period". Under the factual circumstances of this case, the testimony of the originally named codefendants Owens and Buckner, pursuant to their stated desire to testify before the Grand Jury, should be held to fall within the

exceptional circumstance exclusion of material evidence *(see, People v Regan,* 110 Misc 2d 12, *supra,* and discussion therein). We adopt the position taken in *People v Regan (supra)* that the considerations underlying CPL 30.30 (4) (d), which provides for the exclusion of "a reasonable period of delay when the defendant is joined for trial with a co-defendant", are also applicable to the preindictment stage in determining whether delays occasioned by a codefendant may constitute an exceptional circumstance under CPL 30.30 (4) (g) as to a defendant who fails to object contemporaneously to the delay. *(People v Regan, supra,* at 17; *also, cf., People v Range,* 80 AD2d 812.)

In the instant case, involving the recovery of multiple guns not from the person of any of the defendants, the professed continued desire of two of those defendants to testify before the Grand Jury provided reasonable grounds to believe that evidence material to the People's case against the defendant would be available within a reasonable period of time. The record here provides no basis to question either the reasonableness of the People's reliance on the codefendants' notices to testify or the fact that any delay attributable to the professed desire of the codefendants to testify was in no way caused by lack of due diligence on the part of the People. The court which granted the leave to resubmit the case (Soloff, J., decision dated Apr. 24, 1987) resolved the legitimacy of the reason for the withdrawal of the case from the first Grand Jury. Also significant is the fact that defendant at no time objected to the continuance for the purpose of permitting the codefendants to testify and that defendant, who was at liberty throughout that period, was not prejudiced by the delay. To hold under the circumstances of this case that the period of delay caused by the codefendants' stated intention to testify (i.e., Nov. 18, 1986 to Jan. 9, 1987) is not an exceptional circumstance and is, therefore, chargeable to the People, would be to invite untoward tactical defense maneuverings in multiple defendant cases and would unjustifiably interfere with the ability of a prosecutor to properly obtain indictments in such cases.

Separate and apart from the foregoing, and even if the delay attributable to the codefendants' stated desire to testify were to be held chargeable to the People, the motion court improperly charged the People with the period of the pendency of the motion pursuant to CPL 190.75 (3) for leave to resubmit in accordance with the holding in *People v Wilkins (supra).* That motion was originally submitted ex parte on January 28, 1987 and by decision of March 11, 1987 was

converted to a motion on notice. After submission of an answer by the defendant, dated March 31, 1987, the motion was *sub judice* until April 24, 1987 when the court rendered its decision granting leave to resubmit. CPL 30.30 (4) (a) expressly excludes for speedy trial purposes "a reasonable period of delay resulting from other proceedings concerning the defendant, including *but not limited to* * * * pre-trial motions * * * and the period during which such matters are under consideration by the court" (emphasis added). Therefore, the plain language of the statute requires the court to exclude from time chargeable to the People the period during which the People's motion to resubmit was under consideration, i.e., the 86 days from January 28, 1987 until April 24, 1987. *(See, People v Range,* 80 AD2d 812, *supra; People v Wallace,* 94 AD2d 708.)

Upon excluding the foregoing periods from the 216 days between November 14, 1986, the date defendant was arraigned on the felony complaint, and June 18, 1987, when the People answered ready, it is clear that the People were ready well within the statutory six months. Accordingly, the order is reversed, the indictment reinstated and the case remanded to the Supreme Court for further proceedings. Concur—Ross, J. P., Asch, Milonas, Rosenberger and Ellerin, JJ.