■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SHAID KHAN, Respondent.—Appeal by the People from an order, Supreme Court, New York County (Martin H. Rettinger, J.), entered May 8, 1990, granting defendant's motion to dismiss the indictment on the ground that the People were not ready for trial in time, unanimously held in abeyance and the matter remanded to the trial court to hold an evidentiary hearing concerning the question of the People's readiness for trial.

The court granted defendant's speedy trial motion, finding that the 97 day period from defendant's arraignment in Criminal Court to the date of the indictment was chargeable to the People. In toto, the court found 200 days of includable time. The 97 days delay was caused by the co-defendant's desire to testify before the Grand Jury and the court held this not to be an exceptional circumstance within the meaning of

CPL 30.30 (4) (g). However, we have heretofore held that a co-defendant's desire to testify before the Grand Jury should be held to fall within the exceptional circumstances exclusion and a reasonable period of delay should be excluded where a defendant fails to object contemporaneously to such delay. *(People v Fluellen,* 160 AD2d 219, 221-222.) There being conflicting versions as to why the Grand Jury proceedings were delayed, a fact-finding hearing is necessary to resolve the issue. (CPL 30.30 [6]; 210.45 [6].)

Even if the court finds after a hearing that all or part of the 97 days should be charged to the People, further analysis of 61 additional days of post-indictment delay is required. Our decision in *People v Rivera* (160 AD2d 234) appears to cover at least 23 of the 33 day period from the filing of the indictment until defendant was arraigned. As to the remaining 38 days, there is the question, *inter alia,* of whether the 28 day period from December 12, 1989 to January 9, 1990 should have been charged to the People where they asked for a one week adjournment, not the four weeks imposed upon them. *(See, People v Correa,* 161 AD2d 391, *lv granted* 76 NY2d 898.)

In sum, on the present record, a fact-finding hearing is warranted on the question of the People's responsibility for the disputed periods of pretrial delay. Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Kassal, JJ.