OPINION OF THE COURT
Gerald Sheindlin, J.
The defendant moves by a writ of habeas corpus for release from incarceration claiming a violation of CPL 30.30 (2) (a).[1] A court of concurrent jurisdiction previously denied the defendant’s pretrial motion for the same relief. This court must determine two issues: whether this court has jurisdiction and whether the pretrial determination of the CPL 30.30 (2) (a) motion was proper.
FINDINGS OF FACT
The defendant was arrested on November 30, 1991 for rape in the first degree and arraigned in criminal court. On January 31, 1992, the defendant was arraigned in Supreme Court on the instant indictment. The defendant served alibi notice on January 14, 1992. From January 1992 to June 1992, the case was adjourned numerous times while the People, defendant and court engaged in plea negotiations. The plea negotiations revolved around the issue of the amount of time the defendant would be incarcerated. When these negotiations failed to produce a disposition, the People requested a court order to draw the defendant’s blood for DNA testing.
The defendant subsequently moved for his release from jail pursuant to CPL 30.30 (2) (a) claiming that the People were not ready to proceed to trial within 90 days. The defendant argued that two adjournments that the People requested for the results of the DNA testing should be includable time under CPL 30.30 (4). Justice Harold Silverman, presiding over a court of concurrent jurisdiction, found that these two periods of time were excludable under CPL 30.30 (4) and denied the defendant’s motion on November 2, 1992. The defendant now moves by writ of habeas corpus for this court to consider again the CPL 30.30 (2) and 30.30 (4) issues.
*824 CONCLUSIONS OF LAW

I. Does This Court Have Jurisdiction?

A writ of habeas corpus is available to incarcerated defendants to challenge the legality of their detention and to demand immediate release as the appropriate remedy. (See, e.g., People ex rel. Kaplan v Commissioner of Correction of City of N. Y., 60 NY2d 648 [1983]; People ex rel. Douglas v Vincent, 50 NY2d 901 [1980].) A prisoner may bring a writ of habeas corpus to claim his incarceration is illegal due to the fixing of excessive bail or the improper denial of bail. These claims are reviewable in a habeas corpus proceeding when it appears that constitutional or statutory standards have been violated. (People ex rel. Rosenthal v Wolfson, 48 NY2d 230, 232 [1979]; People ex rel. Klein v Krueger, 25 NY2d 497, 499 [1969].) When these issues are raised in a habeas corpus proceeding, the bail determination is often reviewed by a court of concurrent jurisdiction. This "second stage re-examination” limits the habeas corpus court "to consideration of the propriety of that determination in the light of the record on which it was made.” (People ex rel. Rosenthal v Wolfson, 48 NY2d, at 232233.)
In addition to challenging a bail determination, a prisoner may bring a writ of habeas corpus to challenge the denial of a pretrial motion for release pursuant to CPL 30.30 (2).[2] (People ex rel. Chakwin v Warden, 63 NY2d 120, 123 [1984].) Because a violation of CPL 30.30 (2) "will result in the defendant’s release, either by a fixing of bail at an amount which the defendant can post or by release of the defendant on his own recognizance,” it is an appropriate claim for a writ of habeas corpus. (Supra, at 125; see also, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 30.30, at 169.) Even if the CPL 30.30 (2) claim required a concurrent court to assume jurisdiction for a bail review, the Chakwin Court found that habeas corpus "would still be proper in light of our decisions allowing the use of that writ to challenge a wrongful denial of bail or excessive bail.” (Supra, at 125-126, citing People ex rel. Rosenthal v Wolfson, 48 NY2d 230, supra; People ex rel. Klein v Krueger, 25 NY2d 497, supra.)
The Chakwin Court permits a prisoner to pursue this avenue of relief because "once the defendant’s case is tried the *825 legality of his pretrial detention is mooted and the relief guaranteed by CPL 30.30 (subd 2) would be academic on a direct appeal from a judgment of conviction.” (People ex rel. Chakwin v Warden, 63 NY2d, supra, at 125.) Unlike a motion for dismissal of the charges pursuant to CPL 30.30 (1), a defendant would have no relief and have "no way to effectively appeal an adverse ruling” of a motion for release pursuant to CPL 30.30 (2) (supra, at 125).[3]
The Chakwin Court’s substitution of a CPL 30.30 (2) claim for a bail claim in a habeas corpus proceeding confers upon this court the jurisdiction to hear and decide the instant case. A denial of a motion for release pursuant to CPL 30.30 (2) does not constitute the discretionary decision of a bail fixing determination. However, it is a rule of law. That is, a previous court of concurrent jurisdiction has ruled that the period for DNA evaluation is excludable under CPL 30.30 (2). Nonetheless, it appears to meet the requirement that a habeas corpus review is appropriate when a constitutional or statutory violation causes the defendant’s incarceration. (People ex rel. Klein v Krueger, 25 NY2d 497, 499 [1969], supra [bail review claim]; People ex rel. Keitt v McMann, 18 NY2d 257, 262 [1969] [claim of lack of jurisdiction].) In the instant case, the defendant claims he is incarcerated pursuant to a violation of CPL 30.30 (2). Therefore, his writ of habeas corpus is reviewable by a court other than the one which initially determined the pretrial motion. Accordingly, this court has jurisdiction to review the CPL 30.30 (2) determination.

II. Was the CPL 30.30 (2) Determination by a Judge of Concurrent Jurisdiction Proper?

The second issue is whether the CPL 30.30 (2) (a) decision was proper.
The following time periods have been previously determined to be charged to the People under CPL 30.30 (4):
November 30, 1991 to December 5,1991 6 days
December 5, 1991 to January 10, 1992 21 days
*826 July 21, 1992 to August 5,1992 7 days
August 5, 1992 to August 31, 1992 24 days
September 30, 1992 to October 2,1992 3 days
October 2, 1992 to October 15,1992 13 days
These time periods total 74 days. Two time periods, totalling 16 days, are in dispute: August 31, 1992 to September 8, 1992 and September 8, 1992 to September 16, 1992. The People argue that these two time periods are excludable circumstances. The defense claims this exception does not apply because the People failed to show due diligence.[4] The prior court decision granted the People’s request to exclude these time periods.
To satisfy the "exceptional circumstances” requirement of CPL 30.30 (4) (g) (i), there must be some probability that the new evidence will become available within a reasonable period of time. (People v Washington, 43 NY2d 772, 774 [1977].) In the instant case, the People delayed requesting DNA tests until plea negotiations failed to produce a disposition. When it became apparent that the defendant would not plead guilty, the People requested a court order to draw blood from the defendant to conduct DNA tests. The People’s failure to request these tests, while plea negotiations were underway, was understandable and reasonable. As these tests are extremely expensive, complicated and time consuming, the People had an obligation to proceed cautiously. DNA evidence results could either buttress the People’s case or exclude the defendant as the perpetrator. Obviously, it is "material to the people’s case.” (CPL 30.30 [4] [g] [i].) The evidence was requested and obtained within a reasonable time. The People observed due diligence in procuring the evidence as promptly as possible.[5]
The two time periods which the court granted, to obtain the *827 DNA results, constitute exceptional circumstances under CPL 30.30 (4) (g) (i). Therefore, the People have satisfied their obligations under CPL 30.30 (2) (a). Justice Silverman’s determination of the defendant’s pretrial motion was proper. Accordingly, the defendant’s writ of habeas corpus is denied.

. CPL 30.30 (2) (a) provides for the release of an incarcerated defendant "upon such conditions as may be just and reasonable, if the people are not ready for trial in that criminal action within * * * ninety days from the commencement of his commitment to the custody of the sheriff in a criminal action wherein the defendant is accused of one or more offenses, at least one of which is a felony.”

. CPL 30.30 provides two remedies for violation of speedy trial requirements: release from incarceration or dismissal of the charges. (Compare, CPL 30.30 [1], with CPL 30.30 [2].)

. Therefore, the remedy requested determines the avenue of relief a defendant pursues after an adverse ruling on a CPL 30.30 motion. A habeas corpus proceeding is brought to challenge the wrongful denial of a motion for release from incarceration pursuant to CPL 30.30 (2) while a direct appeal after a judgment of conviction is brought to challenge the wrongful denial of a motion to dismiss the charges pursuant to CPL 30.30 (1). (People ex rel. Chakwin v Warden, 63 NY2d, at 124-125, supra; see also, Preiser, Practice Commentaries, op. cit, at 175.)

. CPL 30.30 (4) (g) (i) excludes "other periods of delay occasioned by exceptional circumstances, including but not limited to, the period of delay resulting from a continuance granted at the request of a district attorney if (i) the continuance is granted because of the unavailability of evidence material to the people’s case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period.”

. The prosecution was in telephone contact with the laboratory to insure the prompt testing and receipt of the DNA results. Ultimately, the DNA extracted from the semen recovered from the complainant’s vaginal cavity matched the DNA extracted from the blood sample of the defendant. The defendant thereafter abandoned his alibi defense and now claims consent.