*402 OPINION OF THE COURT
James G. Starkey, J.
Defendant was indicted for criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree. He moved to dismiss the indictment pursuant to CPL 30.30 on the ground that the prosecution was not ready for trial within six months (herein 185 days) of the commencement of the criminal action.
The motion was denied on October 14, 1992 based upon the following findings of fact and conclusions of law.
FINDINGS OF FACT
The defendant, Keith Thompson, and his codefendant were arraigned in the Criminal Court of the City of New York on a felony complaint on August 31, 1991. At arraignment, notice was served on each defendant that the case would be presented to a Grand Jury. Both defendants then served notices, pursuant to CPL 190.50 (5) demanding to be heard as witnesses during the Grand Jury presentment and supplying the name, address and telephone numbers of their respective attorneys for notification of the time and place of the Grand Jury proceedings.
On the adjourned date, October 3, 1991, the People had not yet taken Grand Jury action and both defendants reaffirmed their desire to testify. New counsel, Jaime Bello, Esq., appeared for the defendant Keith Thompson and the Legal Aid Society was relieved by the court. The case was adjourned to November 12, 1991, but no new or amended notice of the name, address and telephone number of counsel pursuant to CPL 190.50 (5) was served or filed.
On October 16, 1991, an Assistant District Attorney was assigned to present the case to the Grand Jury and, from the information supplied in defendant’s outdated CPL 190.50 notice, contacted the Legal Aid attorney who had previously represented the defendant, Keith Thompson, to arrange for the defendant to appear before the Grand Jury. On October 24, 1991, the Legal Aid attorney advised the Assistant District Attorney that counsel had been substituted and gave him the name and telephone number of the attorney, Mr. Bello.
Thereafter, the Assistant District Attorney attempted to contact Mr. Bello and counsel for the codefendant by tele *403 phone on October 25 and November 11, 1991, but was unable to make contact. On these occasions and on later attempts to contact counsel he either received no answer or left his name and telephone number with an answering machine. At no time did he receive a response to any message left.
On November 12, 1991, both defendants again appeared in the Criminal Court and reaffirmed their desire to appear before the Grand Jury. Mr. Bello informed the court that the defendant, Keith Thompson, would be retaining new counsel and requested that the defendant’s rights be preserved until new counsel appeared. Mr. Bello was not relieved by the court and no substitution of attorneys occurred. Nor was a new or amended notice of the name, address and telephone number of counsel pursuant CPL 190.50 (5) served or filed. The case was then adjourned to January 8, 1992 and marked final against the prosecution.
The Assistant District Attorney again telephoned defendant’s counsel, Mr. Bello, on November 19,1991, December 11, 1991 and January 3, 1992. He also attempted to contact codefendant’s counsel on December 11, 1991 and January 7, 1992.
He further attempted to contact Mr. Bello by means of a letter sent on or about December 20, 1991. In that letter counsel was directed to be present with his client at the Grand Jury on January 3, 1992 and informed that a failure to appear would be deemed a withdrawal of the demand to be allowed to testify.
As noted above, the Assistant District Attorney on each telephone call received no answer or left his name and number with an answering machine. No response was received to any message left or to the letter.
On January 8, 1992, a new attorney, Neil M. Zang, Esq., appeared in the Criminal Court and was substituted as counsel for the defendant, Keith Thompson, but — once more — no new notice or amended notice of the name, address and telephone number of counsel pursuant to CPL 190.50 (5) was served or filed. The felony complaint was also dismissed on that date.
Thereafter, on January 14, 1992 the Assistant District Attorney again attempted to contact the defendant, Keith Thompson, by calling Mr. Bello, once more without success.
From the facts described, the inference seems warranted that counsel for the defendant, Mr. Bello, received some or all *404 of the communications referred to, but did not respond because he knew that a substitution of counsel was contemplated by the defendant. And, in the unlikely event that counsel did not receive any of the communications, such a state of affairs would seem directly attributable to misdirection of the messages because of the failure of Mr. Bello to provide a correct address and telephone number in a new or amended notice pursuant to CPL 190.50 (5). The absence of such a notice from the new attorney who appeared in the Criminal Court on January 8, 1992 also directly caused the attempt to contact defendant’s counsel on January 14, 1992 to be misdirected and fruitless.
On January 16, 1992 the case was presented to a Grand Jury and an indictment was voted on January 31, 1992. The indictment was filed on February 11, 1992 and the defendant, Keith Thompson, was arraigned in this court on March 20, 1992. On that date the prosecution served and filed a statement of readiness. No time thereafter was chargeable to the prosecution.
ANALYSIS
CPL 30.30 (1) (a) states that a motion to dismiss pursuant to CPL 170.30 or 210.20 must be granted if the prosecution is not ready for trial within six months. Once the defendant has demonstrated a delay of more than six months, the prosecution has the burden of proving that certain periods of delay are excludable. (See, People v Berkowitz, 50 NY2d 333, 349 [1980].) In this case the prosecution conceded that the time from arraignment in the Criminal Court on August 31, 1991 to October 25, 1991 was properly chargeable to the prosecution. As a result, the time period in dispute here is that time from October 25, 1991 to March 20, 1992.
AUGUST 31,1991 TO NOVEMBER 12, 1991
Defendant was arraigned in Criminal Court on August 31, 1991, at which time defendant notified the prosecution of his intent to testify before the Grand Jury. The case was adjourned until November 12, 1991 for Grand Jury action. No Assistant District Attorney was assigned to the case until approximately October 16, 1991. Thereafter Assistant District Attorney McGiff telephoned defendant’s counsel, Mr. Bello, on October 25, 1991, November 5, 1991, November 19, 1991, December 11, 1991, January 3, 1992 and January 14, 1992. As *405 noted above, it is conceded that the time from August 31,1991 to October 25, 1991 is chargeable to the prosecution. The time from October 25, 1991 to November 12, 1991 is excludable based upon the failure of counsel for the defendant to respond to the messages from the Assistant District Attorney in the attempt to arrange production of the defendant to testify in the Grand Jury. As noted above, it is concluded that counsel did not respond because he knew that defendant planned to replace him. Further, if the messages had been misdirected, such misdirection would have been directly attributable to the failure by counsel to provide a correct address and telephone number in a new or amended notice pursuant to CPL 190.50 (5). (See, People v Fluellen, 160 AD2d 219 [1st Dept 1990]; People v Muhanimac, 181 AD2d 464 [1st Dept 1992].) Therefore, only the 55 days from August 31, 1991 to October 25, 1991 are chargeable to the prosecution.
NOVEMBER 12, 1991 TO JANUARY 8, 1992
As noted above, on November 12, 1991, Mr. Bello advised a Judge in the Criminal Court that defendant Thompson would be retaining new counsel, requested the adjournment which was granted until January 8, 1992, and requested that all the defendant Thompson’s rights be preserved until new counsel appeared. But Mr. Bello remained counsel of record without serving or filing a new or amended notice of the name, address and telephone number of counsel pursuant to CPL 190.50 (5). Nor did he respond to telephone calls or a letter calling for production of the defendant Thompson to testify before a Grand Jury on January 3, 1992. Thus, the entire period of delay from November 12, 1991 to January 8, 1992 was attributed to the failure and refusal of counsel to respond to the prosecution’s communications or, in the unlikely event that the communications were misdirected and not received, because of the failure of counsel to file an amended or new notice pursuant to CPL 190.50 (5). Such delay was occasioned by exceptional circumstances as contemplated by CPL 30.30 (4) (g). (See, People v Fluellen, supra; People v Muhanimac, supra.)
JANUARY 8, 1992 TO JANUARY 16, 1992
On January 8, 1992 defendant’s new counsel, Neil M. Zang, Esq., appeared before the court. He reiterated defendant’s desire to testify before the Grand Jury but, as previously *406 noted, no new or amended notice of the name, address and telephone number of counsel pursuant to CPL 190.50 (5) was served or filed. As a result, the Assistant District Attorney in charge of presentment of the case was — as late as January 14, 1992 — still vainly attempting to reach the attorney superseded by Mr. Zang. The failure to file and serve a new or amended notice once more caused the delay up to and including January 16, 1992 — the date when the case was finally presented. As to this period also exceptional circumstances require that the time be excludable. (See, CPL 30.30 [4] [g]; People v Fluellen, supra.)
JANUARY 16, 1992 TO JANUARY 31, 1992
Assistant District Attorney McGiff presented the case to the Grand Jury on January 16, 1992, but for reasons unclear and unexplained the Grand Jury did not vote an indictment until January 31, 1992. In the absence of reasons involving exceptional circumstances, this 15-day period must be charged to the prosecution.
JANUARY 31, 1992 TO MARCH 20, 1992
The prosecution concedes that this 49-day period is chargeable against it.
MARCH 20,1992 TO PRESENT
All time after March 20, 1992 was devoted to motion practice and/or the periods when motions were under consideration by the court. The time is therefore excludable pursuant to CPL 30.30 (4) (a). (See, People v Worley, 66 NY2d 523 [1985]; People v Torres, 60 NY2d 119, 127-128 [1983].)
In sum, 119 days are chargeable to the People, well within the 185-day statutory limit. Accordingly, the motion is denied.