OPINION OF THE COURT
Memorandum.
Order unanimously reversed on the law and information reinstated.
*428 On December 5, 1995, Police Officer James Fitzpatrick and Police Officer Robert Filippi were in the parking lot of Hyland Park, Queens County, patrolling the park for stolen vehicles. Officer Fitzpatrick observed a van with the engine running and no one in the driver’s seat. When the officer approached the van, he peered into the rear window and allegedly observed defendant with his pants down lying on top of his 15-year-old stepdaughter thrusting his hips between the legs of the child. Defendant and the child were removed from the van and defendant was arrested.
On December 6, 1995 defendant was arraigned in the Criminal Court of the City of New York, Queens County, upon a misdemeanor complaint charging him with endangering the welfare of a child (Penal Law § 260.10 [1]).
Due to the failure of the complainant and her mother to cooperate with the prosecution, the People were unable to obtain nonhearsay allegations particularly as to the statutory element of age.
In order to satisfy this requirement, on January 25, 1996, the District Attorney filed a superseding information based upon the arresting officer’s observations and an uncertified Bureau of Child Welfare report.
The defense disputed the conversion on hearsay grounds. On February 1, 1996, at the court’s request, the People filed a written motion in support of the conversion. Opposition was submitted and on March 8, 1996, the court rendered its decision denying the application.
The same day the People filed a second superseding information, this time based on certified school records. The court deemed the instrument an information.
Thereafter, defendant moved to dismiss for a violation of CPL 30.30. The court granted the application, finding 103 days’ delay chargeable to the prosecution. In coming to a decision the court charged the prosecution with 53 days’ delay for the period of January 25, 1996 to March 8, 1996, the day the case was adjourned for motions until the day of the court’s decision.
The court noted in the decision that it had previously advised the District Attorney that the period of delay caused by this motion would be charged to the People unless the court granted the application.
CPL 30.30 (4) (a) provides in pertinent part:
*429 "In computing the time in which the people must be ready for trial * * * the following periods must be excluded:
"(a) a reasonable period of delay resulting from other proceedings concerning the defendant, including but not limited to * * * pretrial motions * * * and the period during which such matters are under consideration by the court”.
The present record clearly demonstrates that the only reason for the delay, from February 1, 1996, the date the People concede in their appellate brief that the motion was made, to March 8, 1996, when the decision was rendered, is the prosecution’s pretrial motion and the time required for the court to render its decision.
The plain language of the aforementioned statute does not limit its applicability to motions made by the defense. It excludes without limitation any pretrial motion and this includes motion made by the prosecution (see, People v Barham, 216 AD2d 477, 478; People v Vidal, 180 AD2d 447, 448; People v Fluellen, 160 AD2d 219, 223; People v Wallace, 94 AD2d 708, 709; People v Range, 80 AD2d 812, 813).
While the obligation to obtain the proper accusatory instrument is the prosecution’s alone arid the time required to obtain such instrument is ordinarily charged to the People, CPL 30.30 (4) (a) anticipates that delay will result from motions initiated by the prosecution (see, People v Pomales, 159 AD2d 451, 452).
Further, CPL 30.30 does not contain any provision where the excludability of the time provisions of the speedy trial rules is contingent on whether the moving party is successful in obtaining the relief sought (see, People v Buckmon, 109 AD2d 846).
The period from February 1, 1996 to March 8, 1996 encompasses 46 days. If this period of time is subtracted from the 103 days’ delay charged to the prosecution it is readily apparent that there has been no violation of CPL 30.30.
Kassoff, P. J., Aronin and Chetta, JJ., concur.