[9 NYS3d 548]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v GIOVANNI
RIOS, Defendant.

Supreme Court, Bronx County, March 3, 2015

## APPEARANCES OF COUNSEL

*Legal Aid Society* (*Jodi Smith* of counsel) for defendant.

*Robert T. Johnson, District Attorney* (*Darnisha A. Lewis* of
counsel), for plaintiff.

## OPINION OF THE COURT

APRIL A. NEWBAUER, J.

Defendant Giovanni Rios, one of three codefendants charged with criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), has moved for dismissal of the indictment pursuant to CPL 30.30. Most of the time to be charged to the prosecution is not in dispute. However, a review of the People's response highlighted a pivotal time period, from June 11, 2014 to June 20, 2014, when the prosecution delayed a grand jury vote on all defendants allegedly to accommodate codefendant Reynaldo Rivera. In her affirmation, the Assistant District Attorney (ADA) represented that after CPL 190.50 notice was served on the codefendant for June 11, 2014, she had an off-the-record telephone conversation with the codefendant's attorney in which he requested that she put off the vote to "reach a disposition" and during a subsequent conversation, he made the same request for scheduling reasons. The ADA rescheduled the vote to June 20, 2014, the last day of the panel. Codefendant Rivera did not testify, and the panel voted an indictment against all three defendants on that date.

On February 4, 2015, a hearing was held to determine the effect on 30.30 time of the alleged off-the-record contacts.* At the hearing, the ADA reiterated that her reason for postponing the grand jury vote was to accommodate Rivera's counsel, but acknowledged that no negotiations had taken place. Instead, she described the contact as having been initiated by the codefendant's counsel to facilitate his appearance before the grand jury with his attorney, and that defendant Rivera's attorney had requested the last day of the panel.

### Conclusion

Under Criminal Procedure Law § 30.30 (1) (a) the People have six months (in this case 184 days) from the filing of an accusatory instrument in which a felony is charged to be ready

---

* The balance of section 30.30 time is uncontested: The defendant was arraigned on the felony complaint on March 6, 2014. The case was adjourned to March 11, 2014 for grand jury action. (*Six days charged.*) On March 11, 2014, the People stated not ready as there was no grand jury action. The case was adjourned until May 20, 2014. (*Seventy days charged.*) On May 20, 2014, the People again stated that they were not ready as there had been no grand jury action. The case was adjourned until September 9, 2014. Defense claims that the entire period of 112 days from May 20, 2014 until September 9, 2014 is chargeable to the People, whereas the People maintain only 103 days should be charged.

for trial, exclusive of any period of time that is properly chargeable to the defense. (*See e.g.* CPL 1.20 [l], [17]; 100.05; *People v Stiles*, 70 NY2d 765 [1987]; *People v Sinistaj*, 67 NY2d 236 [1986]; *People v Anderson*, 66 NY2d 529 [1985]; *People v Worley*, 66 NY2d 523 [1985]; *People v Kendzia*, 64 NY2d 331 [1985].) The obligation to obtain a proper accusatory instrument is the prosecutor's alone, and absent some reasonable ground the time used to obtain an indictment is ordinarily chargeable to the People. (*People v Waring*, 206 AD2d 329 [1994].) The People therefore bear the burden of establishing their entitlement to exclude any pre-readiness delays (*see People v Smith*, 110 AD3d 1141 [3d Dept 2013], citing *People v Collins*, 82 NY2d 177 [1993]).

Pre-indictment delays caused by a codefendant may constitute "exceptional circumstances" warranting an exclusion of time. A reasonable length of time for negotiations with a codefendant is one such factor. (*See e.g. People v Delvalle*, 265 AD2d 174 [1st Dept 1999].) *People v Delvalle*, however, involved post-indictment negotiations and moreover, the prosecution apparently gave record notice to all codefendants. Here the record at the hearing suggests the delay was not occasioned by counsel's request to plea bargain, and both attorneys agree that no negotiations actually took place in the nine-day period. Further, the People do not maintain that the movant or the third defendant were aware that any time was agreed upon with codefendant Rivera. On September 9, 2014—the first court date after the grand jury vote—the movant was arraigned, pleaded not guilty and the People answered ready without addressing the pre-indictment time period.

A codefendant's nonappearance before the grand jury after he had asserted his right to do so has been found to justify a delay as to his codefendant. (*See People v Regan*, 110 Misc 2d 12 [Sup Ct, NY County 1981]; *see also People v Fluellen*, 160 AD2d 219 [1st Dept 1990] [on the record reaffirmation by two codefendants to testify excused withdrawal of case from the grand jury and request to re-present to new panel].) In *Fluellen*, the First Department adopted the position requiring consideration of the factors enumerated in CPL 30.30 (4) (d) for determining pre-indictment exclusions. (*Id.* at 222.) In *People v Khan* (172 AD2d 231 [1st Dept 1991]), the First Department reiterated its view that a codefendant's desire to testify before the grand jury constituted exceptional circumstances under CPL 30.30 (4) (g) where the defendant failed to object contemporaneously to the delay.

In this instance, the moving defendant was neither given notice of the delay nor an opportunity to object to the People's position contemporaneously. Although the defendant has remained at liberty throughout these proceedings, that factor alone should not shift the People's burden to the defense under CPL 30.30 (4) (g). The movant had no notice until after undertaking to prepare and file section 30.30 motion papers that the People would be advocating that the contested nine-day period was excludable, and never had an opportunity to object to the People's position. The People chose not to provide any notice to the other counsel of their schedule; not to vote the codefendants separately on the earlier date; not to serve an off-calendar statement of readiness after the indictment was filed; and not to put any of the pre-indictment events on the record on the supreme court arraignment date. As the Court of Appeals has said, "prosecutors would be well advised to obtain unambiguous waivers in situations like these." (*See People v Dickinson*, 18 NY3d 835, 836 [2011].)

On balance, the defendant's claim that 188 days should be charged to the People is supported by the record. The motion to dismiss the indictment as against defendant Rios is granted.